UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

Carolyn Lopez,                                                          O R D E R
                              Plaintiff,                  05-CV-3624
                                              (ARR)(KAM)

   -against-

The City of New York,

                              Defendant.
----------------------------------------------------------------X

MATSUMOTO, United States Magistrate Judge:

        Pending before the court is a request dated January 26, 2007 from defendant City of New York for an order compelling plaintiff to produce the witness statements of Sandra Britt, Jessica Wright, Tremain Kirby,[1] Deval Robinson and Nigel George. (*See* Dkt. 45, City's Motion to Compel, dated January 26, 2007 ("City's 1/26/07 Motion"), at 1.) On February 8, 2007, Plaintiff filed a Response in Opposition (dkt. 47, "Plaintiff's Opp."), and the City replied on February 15, 2007 (dkt. 51) and submitted an additional letter on February 26, 2007 (dkt. 53). On March 9, 2007, the Court ordered plaintiff, by March 13, 2007, to submit the witness statements for *in camera* review. Having reviewed the parties' submissions and the documents *in camera*, the Court hereby grants the City's motion for the reasons stated herein.

PROCEDURAL BACKGROUND

        Plaintiff in this action, Carolyn Lopez, individually and as administrator of the estate of her son, Carlos Lopez, seeks damages pursuant to 42 U.S.C. § 1983 and the common

---

[1] Noting its confusion regarding Mr. Kirby's first name, the City refers to him as "Jermain Kirby" in its motion to compel, however, the documents submitted to the Court for *in camera* review reveal that Mr. Kirby's first name is "Tremain."

1

law claims of negligence and respondeat superior for the alleged wrongful death of her son. (*See* dkt. 1, Verified Complaint, dated August 1, 2005, at Counts I-VII.) Plaintiff alleges that on the afternoon of May 1, 2003, New York City police officers, after hearing gunshots, misidentified Carlos Lopez as the shooter, shot him without probable cause, and thereafter refused to provide him with emergency medical treatment before he died. (*Id.* at ¶¶ 1-2.)

Pursuant to Fed. R. Civ. P. 26(a), plaintiff served the City its Initial Disclosures on January 9, 2006 and listed Anthony Kirby, Sandra Britt, Jessica Wright, Deval Robinson and Tremain Kirby as individuals "likely to have discoverable information related to this action," but did not provide the addresses or telephone numbers of the witnesses as provided by Rule(a)(1)(A). Nor did plaintiff indicate that she possessed statements by the witnesses. (Dkt. 47, Plaintiff's Opp. at 6.) On January 23, 2006, the City served plaintiff its First Set of Interrogatories and Document Requests. (*See* City's 1/26/07 Motion, Ex. B.) Interrogatory No. 2 requested that plaintiff identify "all statements, signed or unsigned, recorded on tape electronically or otherwise, made by the City of New York . . . or of any other person with knowledge regarding or concerning any matters alleged in the complaint, taken by, or on behalf of, or in the possession of, plaintiff or her counsel." (*Id.*) Over two months later, plaintiff responded on April 4, 2006, that she "was aware of several statements taken in connection with this case that are protected by the attorney work product privilege as they were taken in anticipation of litigation . . . . A privilege log is being prepared for those documents protected by the attorney work product privilege." (*Id.*, Ex. C.)

After ongoing efforts by defendant to obtain plaintiff's responses to its document requests failed, on August 10, 2006, the City moved to compel plaintiff to respond to its Request

for the Production of Documents. (Dkt. 36) The Court granted the motion and ordered plaintiff to produce documents by August 22, 2006, cautioning, "[S]hould [plaintiff] fail to comply with this order, she may be subject to sanctions, including but not limited to a recommendation that the case be dismissed." (Order dated 8/18/06.)

Plaintiff responded to the City's document requests by August 22, 2006, but again failed to include a privilege log. On October 18, 2006, the City wrote to plaintiff's counsel requesting, *inter alia*: (1) information regarding the subject matter of the potential testimony of the five witnesses identified in her Initial Disclosures; (2) the witnesses' contact information; and (3) a privilege log. (*See* City's 11/27/06 Motion, Ex. C.) The City repeated its requests on November 27, 2006. (*See id.*, Ex. D.) Having received no answer, the City filed a second motion to compel on November 27, 2006 (dkt. 43.), to which the Court ordered plaintiff to respond (*see* Order dated 11/28/06).

On November 30, 2006, plaintiff provided the City with contact information for the five previously identified witnesses, the subject matter of their potential testimony, and a privilege log. (*See* City's 1/26/07 Motion, Ex. A.) The privilege log lists a total of five items, each stating, "Statement by [name of one of the five witnesses] to investigator, dated [interview date]." (*Id.*) The interview dates reveal that four of the five witnesses were interviewed in June, 2005 – two months before plaintiff filed her compliant on August 2, 2005. (*See id.*) The City now seeks an order compelling the production of the witness statements, asserting that plaintiff failed to establish the basis for the attorney work product privilege and waived its protection, and that the City's need for the statements overcomes any applicable privilege. (*See* City's 1/26/07 Motion at 3-5.)

3

DISCUSSION

As a preliminary matter, the Court finds that the witness statements are protected by the attorney work product privilege. Fed. R. Civ. P. 26(b)(1) provides, "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Rule 26(b)(3) further provides,

> [A] party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative . . . only upon a showing that the party seeking discovery has substantial need of the materials . . . and . . . is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering the discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions or legal theories of an attorney or other representative . . . .

Fed. R. Civ. P. 26(b)(3).

Because plaintiff's witness statements were "secured by an investigator working at the behest of plaintiff's counsel" and prepared "in anticipation of litigation" (dkt. 47, Plaintiff's Opp. at 1), the Court finds that the statements qualify as attorney work product. *See United States v. Nobles*, 422 U.S. 225, 239 (1975) ("It is . . . necessary that the [work product] doctrine protect material prepared by agents for the attorney as well as those prepared by the attorney himself."); *United States v. Aldman*, 134 F.3d 194, 1195 (2d Cir. 1998) (according work product protection to documents that "would not have been prepared but for the prospect of that litigation"). The Court also notes, however, that because the documents are simply verbatim statements of each witnesses' recollection of the events of May 1, 2003, and do not contain any attorney mental impressions, conclusions, or thought processes, they are accorded a lower degree of protection. *See Malletier v. Dooney & Bourke, Inc.*, No. 04 Civ.5316, 2007 WL 54588, at *1

4

(S.D.N.Y. Jan. 4, 2007) ("We do note that work-product immunity is a qualified protection, and that Rule 26(b)(3) authorizes disclosure – at least of materials that do not include the 'mental impressions, conclusions, opinions or legal theories of an attorney' . . . ."); *Abdell v. City of New York*, No. 05 Civ. 8453, 2006 WL 2664313, at *6 (S.D.N.Y. Sept. 14, 2006) (finding "'[c]ore' work product [consisting of attorney mental impressions] . . . subject to more stringent protection" than work product consisting merely of facts); *cf. In re Cardinal Health, Inc. Securities Litigation*, No. C2 04 575, 2007 WL 495150, at *6 (S.D.N.Y. Jan. 26, 2007) (finding documents "squarely covered by the work product doctrine since they represent [the attorneys'] legal analysis, opinions, and mental impressions concerning the issues investigated.").

Despite the fact that the witness statements qualify for at least minimal work product protection, plaintiff has waived that protection by repeatedly failing to (1) sufficiently assert the basis for the privilege; and (2) timely produce a privilege log. Fed. R. Civ. P. 26(b)(5) provides,

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Likewise, Local Rule 26.2 directs that parties asserting privilege shall disclose the type of document, general subject matter of the document, date, and any other information "sufficient to identify the document for a subpoena duces tecum, including . . . the author of the document, the addressees of the document . . . and the relationship of the author, addressees, and recipients to each other." Local Civil Rule 26.2.

Failing to include sufficiently descriptive information may result in waiver of the

5

privilege. *See OneBeacon Ins. Co. v. Forman Intern., Ltd.*, No. 04 Civ. 2271, 2006 WL 3771010, *6 (S.D.N.Y. Dec. 15, 2006) ("Courts in this Circuit have refused to uphold a claim of privilege where privilege log entries fail to provide adequate information to support the claim."); *United States v. Constr. Prods. Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996); *Chase Manhattan Bank, N.A. v. Turner & Newall, PLC*, 964 F.2d 159, at 166 (2d Cir. 1992) ("[T]he failure to comply with [Rule 26] may result in a finding that the privilege has been waived."); *Grossman v. Schwarz*, 125 F.R.D. 376, 386-87 (S.D.N.Y. 1989) ("failure to comply with the explicit requirements of [Rule 26] will be considered presumptive evidence that the claim of privilege is without factual or legal foundation"); *NextG Networks of NY, Inc. v. City of New York*, No. 03 Civ. 9672, 2005 WL 857433, at *2 (S.D.N.Y. Apr.13, 2005); *Bowne of New York City, Inc. v. Ambrase Corp.*, 150 F.R.D. 465, 474-75 (S.D.N.Y. 1993).

Failing to timely provide a privilege log may also result in waiver. *See Smith v. Franklin Hosp. Medical Center No.*, 04-CV-3555, 2005 WL 2219294, at *2 (E.D.N.Y. Sept. 25, 2005) (quoting *FG Hemisphere Associates, L.L.C. v. Republique Du Congo*, No. 01 Civ. 8700, 2005 WL 545218, at *6 (S.D.N.Y. Mar. 8, 2005) ("As other judges in this District and I have repeatedly held, the unjustified failure to list privileged documents on the required log of withheld documents in a timely and proper manner operates as a waiver of any applicable privilege") (citations omitted)); *Lugosch v. Congel*, No. Civ. 1:00-CV-0784, 2006 WL 931687, at *15 (N.D.N.Y. Mar. 7, 2006) ("Failure to timely provide the privilege log or objection constitutes a waiver of any of the asserted privileges."); *Kitevski v. City of New York*, No. 04 Civ. 7402, 2006 WL 680527, at *4 (S.D.N.Y. Mar. 16, 2006) ("The City has failed to provide a privilege log, and has failed to present any justification for that failure. It has, therefore, waived

any privilege with respect to the . . . records by failing to properly identify the documents, and assert the privilege."); *Smith v. Conway Org., Inc.*, 154 F.R.D. 73, 76 (S.D.N.Y.1994).

In violation of the Federal and Local Civil Rules, plaintiff failed to adequately "describe the nature of the documents . . . in a manner that . . . will enable other parties to assess the applicability of the privilege . . . ." Fed. R. Civ. P. 26(b). Indeed, over ten months after the defendant served interrogatories and document requests, plaintiff provided what is purported to be a privilege log in which plaintiff simply notes the date of the interview and the name of person interviewed, and fails to identify the "investigator." (*See* City's 1/26/07 Motion, Ex. A.) In addition, plaintiff failed to timely produce the privilege log. Plaintiff was obligated to produce a privilege log along with her discovery responses thirty days after receiving defendant's January 23, 2006 discovery requests. Plaintiff first revealed the existence of and asserted work product protection as to witness statements on April 4, 2006. Plaintiff stated that she "was aware of several statements . . . that are protected by the attorney work product privilege," and that "[a] privilege log is being prepared for those documents protected by the attorney work product privilege." (City's 1/26/07 Motion, Ex. C.) Despite that assertion, plaintiff only served her privilege log on November 30, 2006 – more than seven months later and following two motions to compel (*see* dkts. 36 and 43). Based on plaintiff's repeated failures to submit a proper privilege log, which required defendant to move twice to compel discovery after plaintiff failed to respond, the Court finds that plaintiff has waived work product protection with respect to the witness statements. *See One Beacon*, 2006 WL 3771010 at *6; *FG Hemisphere*, 2005 WL 545218 at *6.

Pursuant to Rule 26(b)(3), even if work product privilege were to apply to the

7

witness statements, the lower protection afforded factual materials contained in otherwise privileged documents, combined with the City's substantial need for those documents, overcomes any application of the privilege. The City has substantial need for the statements because they were taken in June and September of 2005, much closer to the events on May 1, 2003 and are therefore more likely to reflect the witnesses' recollections than any testimony the City could elicit now, almost four years after the incident. Without the statements, the City will suffer continued prejudice due to plaintiff's delay in timely and properly asserting the privilege. The City is also entitled to cross-examine the witnesses based upon their prior statements. Notably, the City was prevented from doing so when it deposed Deval Robinson on September 26, 2006 without knowledge of his 2005 statement. (*See* dkt. 51, City's Reply at 2.) Moreover, the City may not obtain the equivalent without undue hardship both because, axiomatically, it is unable to interview the witnesses closer in time to the accident, and the address of Sandra Britt provided by plaintiff is no longer accurate. (*See* dkt. 53, Letter filed by the City, dated Feb. 26, 2007.) Accordingly, the City's substantial need for the witness statements overcomes the minimal protection afforded to them by the attorney work product privilege. *See Abdell*, 2006 WL 2664313 at *7 (Noting that while "[t]here may be alternative means of ascertaining what the police officers observed at the time of each arrest, none of the sources of such information is the 'substantial equivalent' of the DA Data Sheets. While the plaintiffs can take the deposition of each officer, the difficulty of recalling the details of chaotic events that took place more than two years ago is likely to diminish the utility of the testimony."); *Johnson v. Bryco Arms*, No. 03-2582, 2005 WL 469612, at *5 (E.D.N.Y. Mar. 1, 2005) ("A prior statement by a witness – in this case, a central witness to the case – will provide plaintiffs with a critical piece of material,

8

particularly if, as they have indicated, the witnesses' subsequent depositions have suggested inconsistencies or gaps in memory. The fact that plaintiffs' counsel were able to depose the witness does not obviate the need for the statement."); *Boyd v. City and County of San Francisco*, No. C-04-5459, 2006 WL 1141251, at *4 (N.D. Cal. May 1, 2006) (in a case involving allegations of excessive force, "the identities and contemporaneous statements of witnesses are likely to provide the best evidence of excessive force."); *Doubleday v. Ruh*, 149 F.R.D. 601, 608 (E.D. Cal. 1993) (substantial need for notes of prior statements because "the passage of time and the present, potential bias of the defendants may color recollections such that what was said at the time cannot be accurately deciphered" through depositions).

For the foregoing reasons, the Court orders plaintiff to produce the witness statements of Sandra Britt, Jessica Wright, Tremain Kirby, Deval Robinson and Nigel George to the City by March 22, 2007.

**SO ORDERED.**

Dated: March 20, 2007
       Brooklyn, New York

                                            /s/
                                  KIYO A. MATSUMOTO
                                  United States Magistrate Judge