UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

CAROLYN LOPEZ, individually and as
administratrix of the estate of Carlos Lopez,
deceased,

                                          <u>MEMORANDUM</u>
                                          <u>AND ORDER</u>
                  Plaintiff,           05-CV-3624
                                          (ARR)(KAM)

      -against-

THE CITY OF NEW YORK,

                   Defendant.
-------------------------------------------------------------X

MATSUMOTO, United States Magistrate Judge:

          Defendant City of New York moves this court for an order pursuant to 28 U.S.C.

§ 1927 and Rules 37(c)(1), (b)(2)(B) and (b)(2)(C) of the Federal Rules of Civil Procedure

dismissing plaintiff's action in its entirety, or in the alternative, precluding plaintiff from

asserting those claims for damages for which disclosure has been inadequate, and for monetary

sanctions including attorneys' fees.  Defendant further notes that plaintiff's complaint does not

and cannot plead a denial of access to the courts claim, and that plaintiff has neither quantified

her claim nor provided any discovery regarding the claim.  (*See* docket no. 62, City's Motion to

Dismiss and for Sanctions, dated June 13, 2007 ("City's Motion"), at 1.)  On June 29, 2007,

plaintiff filed a Response in Opposition (*see* doc. no. 66, Plaintiff's Letter in Opposition, dated

June 29, 2007 ("Pl.'s Opp.")), and, with the court's permission, the City replied on July 11, 2007

(*see* doc. no. 69, Reply filed by defendant, dated July 11, 2007).

          For the reasons set forth herein, the court hereby denies the City's motion to

dismiss this action and to impose monetary sanctions, including attorneys' fees. Instead, the

court orders that plaintiff may not introduce, nor may her expert(s) rely upon, any evidence

regarding her damages calculations and any additional evidence which has not already been

produced in support of her damages claims. Finally, the court also respectfully recommends that

the district court dismiss plaintiff's denial of access to the courts claim.


## PROCEDURAL BACKGROUND

Plaintiff in this action, Carolyn Lopez, individually and as administrator of the

estate of her son, Carlos Lopez, seeks damages pursuant to 42 U.S.C. § 1983 and the common

law claims of negligence and respondeat superior for the alleged wrongful death of her son.

(*See* doc. no. 1, Verified Complaint, dated August 1, 2005, at Counts I-VII.) Plaintiff alleges

that on the afternoon of May 1, 2003, New York City police officers, after hearing gunshots,

misidentified Carlos Lopez as the shooter of victim James Hodges, shot Lopez without probable

cause, and thereafter refused to provide Lopez with emergency medical treatment before he died

of his wounds. (*Id.* at ¶¶ 1-2.) Plaintiff further alleges that, "as a result of his wrongful death,

Carlos Lopez was caused to leave behind a son who is without parental guidance . . . ." (*Id.* at ¶

4.)

Pursuant to an initial conference held on December 20, 2005, the parties

exchanged mandatory disclosures as required by Rule 26(a) of the Federal Rules of Civil

Procedure. (*See* Minute Entry, dated 12/20/05.) In plaintiff's initial disclosures, dated January

9, 2005, plaintiff stated that she seeks damages on behalf of her son, Carlos Lopez, for wrongful

death, conscious pain and suffering, fear of impending death, loss of earnings, loss of enjoyment

of life, violation of civil rights, punitive damages and funeral expenses.  (Doc. no. 43, Exh. A, Plaintiff's Initial Disclosures at 2.)  As to herself, plaintiff seeks damages for denial of access to the courts, loss of support, loss of services, grief, sorrow, anxiety, loss of companionship and loss of enjoyment of life.  (*See id.*)  In her Rule 26(a) disclosures, plaintiff further seeks damages on behalf of herself for loss of parental guidance (*see id.*), and the court questions whether such a claim more appropriately belongs to the estate of Carlos Lopez.  No damages claims were listed on behalf of Carlos Lopez's alleged son, Carlos Lopez, Jr., who is not a plaintiff in this action.  (*See id.*)  Plaintiff has failed to provide calculations, the method of calculation or precise numbers for any of the damages claims, as required by Rule 26(a)(1)(C), despite this court's orders that she do so.

Thereafter, defendant embarked upon a more than two year effort to discover the bases for plaintiff's damages claims.   On January 23, 2006, defendant served its First Set of Interrogatories and Document Requests.  (*See* doc. no. 45, Exh. B, the City's First Set of Interrogatories and Request for Production of Documents.)  Interrogatories numbers 4 and 5, as well as Document Requests numbers 1, 13, 17, 21, 22 and 25, sought information and documents relating to plaintiff's damages claims:

> Interrogatory 4: Identify all economic injuries claimed by plaintiff on her own behalf, or on behalf of the decedent or his estate, as a result of the [May 1, 2003 shooting], including but not limited to, expenditures for medical, psychiatric, or psychological treatment; lost income; property damage; and attorneys fees.  Identify the specific amounts claimed for each injury.

> Interrog. 5: Identify all of plaintiff's and decedent's employers for the past ten (10) years, including the name, telephone number and address of each employer and the dates of each employment.

> Document Request 1: Produce all documents identified in the

proceeding Interrogatories.

Doc. Request 13: Produce all documentation of damages that plaintiff alleges stem from the [May 1, 2003 shooting], including but not limited to, expenditures for medical, psychiatric, or psychological treatment; lost income; property damage; and attorneys fees. Documentation includes, but is not limited to, paid and unpaid bills, original purchase receipts, cancelled checks, charge slips, appraisals, and warranties.

Doc. Request 17: If the plaintiff is claiming lost income in this action, produce plaintiff's federal and state income tax returns since the [May 1, 2003] shooting and for the five years prior to the incident.

Doc. Request 21: Complete and provide the annexed blank authorizations for release of employment records for each of plaintiff's employers for the past ten (10) years.

Doc. Request 22: Complete and provide the annexed blank authorization for the unemployment records, if any, of plaintiff.

Doc. Request 25: Complete and provide the annexed blank authorization for plaintiff's Medicare and/or Medicaid records.

(*See id.*)

On April 4, 2006, plaintiff responded in part to defendant's Interrogatories, but the record is unclear as to whether or how plaintiff responded to defendant's Document Requests.  (*See* doc. no. 45, Exh. C.)  In response to Interrogatory Number 4, plaintiff stated that she sustained the following special damages (but does not delineate whether she sustained the damages in her personal capacity or as administratrix of Carlos Lopez's estate):

| | | |
|---|---|---|
| A. | Loss of support from the decedent, estimated at an amount in excess of . . . . $2,000,000.00 |
| B. | Funeral, burial and related expenses, estimated at an amount in excess of . . . . $7,500.00 |
| C. | Parental guidance . . . . $2,000,000.00 |
| D. | Conscious pain and suffering . . . . $2,000,000.00 |
| E. | Civil Rights violation . . . . $2,000,000.00 |
| F. | Attorneys' fees . . . . to be determined following the |

trial in this matter.
That plaintiff may seek to prove further and/or additional specific
damages and losses.

(*Id.*)  In response to Interrogatory Number 5 seeking the decedent's and plaintiff's employment

information, plaintiff stated: "Plaintiff is in the process of attempting to locate information

relating to this request and will provide upon receipt."  (*Id.*)

On August 10, 2006, defendant moved to compel plaintiff to respond to its

Interrogatories and Document Requests, including all discovery demands for plaintiff's damages

calculations and documents relied upon in support.  (*See* doc. no. 36, City's First Motion to

Compel, dated 8/10/06.)  The court granted defendant's motion on August 18, 2006, and ordered

plaintiff to respond to defendant's discovery demands by August 22, 2006.  The court further

cautioned plaintiff that, "should she fail to comply with this order, she may be subject to

sanctions, including but not limited to a recommendation that the case be dismissed."  (*see* order

dated 8/18/06.)

On November 27, 2006, defendant again moved to compel plaintiff to respond to

its Interrogatories and Document Requests.  (Doc. no. 43, City's Second Motion to Compel,

dated 11/27/06.)  Defendant argued that plaintiff's Rule 26(a) Initial Disclosures were

inadequate by, *inter alia*, failing "to specify or provide a computation of damages, including

pecuniary damages as required by 26(a)(1)(C)."  (*Id.* at 1.)  Defendant also argued that plaintiff's

responses to defendant's Interrogatories, including Interrogatories Numbers 4 and 5, were

insufficient, and that defendant was "being severely prejudiced by plaintiff's continued delay."

(*Id*. at 3.)  Once again, the court agreed and, on November 28, 2006, ordered plaintiff to respond

to defendant's discovery demands.  (*See* order dated 11/28/06.)

Nevertheless, on January 4, 2007, January 10, 2007, January 11, 2007, February 15, 2007, March 6, 2007 and April 13, 2007, defendant was again forced to request from plaintiff evidence in support of her damages claims. (City's Motion at 2, Exhs. C, D and E; Order dated 4/13/07.) Accordingly, at a status conference held on April 13, 2007, the court ordered:

> Defendant[] shall notify plaintiff by 4/17/07, of the outstanding discovery it seeks regarding plaintiff's damages claims and her calculation of damages. *Plaintiff shall respond fully by 4/30/07, or face defendant['s] motion to preclude.*

(Order dated 4/13/07, emphasis added.)

Defendant duly notified plaintiff of all outstanding discovery on April 17, 2007. (*See* City's Motion, Exh. A, Letter from defendant, dated 4/17/07.) Defendant stated that, first, "plaintiff has failed to provide calculations of damages and evidence in support of several damage claims, as required by Fed. R. Civ. P. 26(a)(1)(C), including: loss of support; loss of services; loss of parental guidance; lost earnings; and denial of access to the Courts." (*Id.*, Exh. A at 1.) Second, defendant again requested that plaintiff respond to Interrogatories Numbers 4 and 5, and Document Requests Numbers 1, 13, 17, 21, 22, and 25. (*Id.*) Third, defendant noted that plaintiff failed to respond in any way to the City's Second Set of Interrogatories and Document Requests. (*Id.*) Fourth, defendant stated,

> [N]o documents have been produced or releases provided in support of the claims of loss of support, lost earnings, or loss of services, such as prior employment records, tax returns, or public assistance records (other than social security), either of plaintiff or the decedent. No proof of paternity for the decedent's purported child has ever been produced. No birth certificate for the decedent has ever been produced.

(*Id.*)

Plaintiff responded on May 1, 2007, a day after the court ordered date (without

leave of court for an adjournment), and provided a "supplement" to her Rule 26(a) Initial

Disclosures. (City's Motion, Exh. B, Plaintiff's Supplemental Rule 26(a) Disclosures, dated

5/1/07.) Plaintiff stated:

> [L]oss of parental guidance and denial of access to the Courts are
> questions of fact for plenary resolution by a jury and are not subject to
> "computation" under Rule 26(a)(1)(c) [sic] nor the subject of
> document disclosure under Rule 34. Similarly, loss of services and
> loss of support are also jury questions and plaintiff has testified to the
> support and loss of income at her 50-H hearing and further disclosure,
> if any, will be the subject of her deposition testimony. Plaintiff is not
> in possession of any documents which would assist in any
> computation of said item of damage. Finally, plaintiff's claims for lost
> earnings are the subject of Expert Disclosure and authorizations for
> plaintiff's Social Security Insurance has been previously exchanges
> [sic].

(*Id.*, Exh. B at 1-2.) Plaintiff further stated that she "is not in possession of any order of filiation.

A copy of the custody order and plaintiff's child's birth certificate are annexed." (*Id.*, Exh. B. at

2.) The birth certificate provides that the child's name is Carlos Renee Lopez. Jr. and his

mother's is Jestine Gaskin, but does not provide a name for the father. (*Id.*, Exh. B at 4.)

Similarly, the King's County Family Court Order of Custody on Default simply states, "Carlos

Lopez and Jestine Gaskin . . . failed to appear before this Court," and Family Court Judge Emily

M. Olshansky granted custody of Carlos Lopez Jr. to petitioner Carolyn Lopez. (*Id.*, Exh. B at

5.) The Custody Order makes no finding about or mention of filiation.

 In addition to the above, plaintiff stated in her May 1, 2007 response that she

provided "all documents in [her] possession" with respect to defendant's Interrogatories,

documentation of damages, lost income and custody and parentage of Carlos Lopez Jr., and that

she provided blank authorizations for employment and unemployment records. (*Id.*, Exh. B at

2.)

On June 13, 2007, defendant moved this court for an order dismissing plaintiff's action in its entirety, or in the alternative, precluding plaintiff from asserting those claims for damages for which disclosure has been inadequate, and for monetary sanctions including attorneys' fees. (*See* City's Motion at 1.) Defendant asserted that plaintiff utterly failed to provide not only a computation of her damages, but also evidence to support any category of claimed damage. (*See id.* at 3.) First, defendant noted that plaintiff failed to demonstrate that either she or Carlos Lopez ever earned income, as the sole employment-related release is an authorization for a New York Police Department "Summer Youth Program" for which Carlos Lopez allegedly volunteered, and the only income-related evidence produced is the Social Security Administration's summary of benefits to Carlos Lopez. (*Id.* at 5.) Defendant further noted that plaintiff failed to produce any evidence that Carlos Lopez was the biological father of Carlos Lopez Jr., or that he provided financial support to anyone. (*See id.* at 4-5.) Finally, defendant also asserted that plaintiff failed to provide a dollar amount for her denial of access to the courts claim. Despite plaintiff's failure to provide evidence responsive to defendant's discovery demands, defendant noted, "there remains a two million dollar claim for lost of earnings, loss of support and services," as well as a one million dollar claim for loss of parental guidance. (*Id.* at 3.)

Plaintiff opposed defendant's motion on June 29, 2007 and stated that "all extant discovery has been previously furnished." (Pl.'s Opp. at 1.) Plaintiff asserted that defendant's motion "seeks to challenge the sufficiency of plaintiff's proof on damages" and is therefore "premature and must be addressed by the trial Court." (*Id.*) Explicitly admitting to her lack of evidence, plaintiff continued, "defendants' counsel mistakenly equates the dearth of information

and discovery with a refusal to provide discovery." (*Id.* at 2.)  In support of plaintiff's loss of services, loss of support and lost earnings claims, plaintiff noted that (1) because Carlos Lopez "resided with his mother, plaintiff Carolyn Lopez, [he] necessarily provided services around the house," and "necessarily" contributed a portion of his Social Security income "to the operation of the household;" and (2) although Carlos Lopez was only nineteen at the time of his death, and "his work history was limited and he did not have a steady job," he earned approximately $100 a week working "various odd jobs," for which authorizations were provided.  (*Id.* at 2-3.)  Plaintiff further stated that she "is not aware of and does not possess any additional documentation to support plaintiff's loss of services, loss of support and lost earnings claims," but suggested that her deposition testimony would nevertheless support those claims.  (*Id.* at 3.)

In terms of loss of parental guidance, plaintiff acknowledged that she cannot submit further proof as to filiation, but suggested that: (1) it would be "highly illogical for [the child's mother] to have named her son Carlos Lopez, Jr. if Carlos Lopez, with whom she had a relationship, was not her child's father"; (2) the child's mother continues to attend birthday parties for Carlos Lopez (presumably Jr.); and (3) "it is highly unlikely that the Kings County Family Court would have awarded custody of Carlos Lopez, Jr. to plaintiff Carolyn Lopez" if she were not his paternal grandmother.  (*Id.*)  Finally, with regard to her lack of damages computations, plaintiff again asserted that computations are not required for her claims, and that expert discovery would fill in the missing information, and cited *Schmitt v. Jenkins Truck Lines, Inc.*, 170 N.W.2d 632 (1969), a Supreme Court of Iowa case, in support of her position.  (*See id.* at 4.)

After receiving leave of court, defendant replied on July 11, 2007.  (*See* doc. no.

69, Reply filed by defendant, dated 7/11/07.)  Defendant disputed that plaintiff provided

authorizations for employment, and stated that the only authorization provided was for a

"Summer Youth Program," which "does not appear to refer to an income producing position."

(*Id.* at 1.)  Further, defendant noted that plaintiff failed to cite any authority for her view that her

claim for lost earnings should be the subject for expert disclosure and is exempt from the

disclosure requirements of Rule 26(a)(1)(C).  (*Id.* at 2.)  Defendant also again objected to

plaintiff's purported proof of filiation, and argued that "the choice of name proves nothing."  (*Id*)

Finally, defendant asserted that plaintiff may only maintain a denial of access to the courts claim

if, as is not the case here, her underlying claim was "barred by time or prior judgment."  (*Id.*)

Accordingly, defendant reiterated its request for an order of dismissal or preclusion, and for

attorneys' fees, pursuant to 28 U.S.C. § 1927 and Rule 37(b) and (c) of the Federal Rules of

Civil Procedure.  (*See id.* at 1.)


## DISCUSSION

The court first considers defendant's request for sanctions pursuant to 28 U.S.C.

§ 1927, which provides that an attorney who "so multiplies the proceedings in any case

unreasonably and vexatiously may be required by the court to satisfy personally the excess cost,

expenses and attorneys' fees reasonably incurred because of such conduct."  The purpose of

§ 1927 is to deter attorneys from engaging in dilatory tactics by imposing sanctions for any

conduct during litigation that causes unnecessary delay or generates needless proceedings.  *See*

*Nike, Inc. v. Top Brand Co. Ltd.*, 216 F.R.D. 259, 276 (S.D.N.Y. 2003); *Unique Concepts, Inc. v.*

*Brown*, 115 F.R.D. 292, 293 (S.D.N.Y. 1987).  Courts have interpreted § 1927 as requiring a

"clear showing of bad faith on the part of the attorney," *see Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996) (citation omitted); *Phillips v. Mfrs. Hanover Trust Co.*, No. 92 Civ. 8527, 1994 U.S. Dist LEXIS 3748, at *3-4 (S.D.N.Y. Mar. 29, 1994) (in context of a deposition), which may occur when an attorney's actions are "so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986) (citation omitted); *see also Phillips*, 1994 U.S. Dist LEXIS 3748, at *4; *Unique Concepts*, 115 F.R.D. at 293. On the record before this court, the acts or omissions of plaintiff's counsel were not clearly in bad faith or lacking in merit to require a conclusion that they were undertaken for an improper purpose. Accordingly, the court declines to sanction plaintiff's counsel pursuant to 28 U.S.C. § 1927.

The court next considers sanctions pursuant to the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 26(a) provides, in relevant part, as follows:

> (1) Initial Disclosures. Except in categories of proceedings specified in Rule 26(a)(1)(E)[1], or to the extent otherwise stipulated or directed

---

[1] Federal Rule of Civil Procedure 26(a)(1)(E) provides,

> The following categories of proceedings are exempt from initial disclosure under Rule 26(a)(1):
> (i) an action for review on an administrative record;
> (ii) a forfeiture action in rem arising from a federal statute;
> (iii) a petition for habeas corpus or other proceeding to challenge a criminal conviction or sentence;
> (iv) an action brought without counsel by a person in custody of the United States, a state, or a state subdivision;
> (v) an action to enforce or quash an administrative summons or subpoena;
> (vi) an action by the United States to recover benefit payments;
> (vii) an action by the United States to collect on a student loan guaranteed by the United States;
> (viii) a proceeding ancillary to proceedings in other courts; and

by order, a party must, without awaiting a discovery request, provide
to other parties:

. . . .

(C) a computation of any category of damages claimed by the
disclosing party, making available for inspection and copying as under
Rule 34 the documents or other evidentiary material, not privileged or
protected from disclosure, on which such computation is based,
including materials bearing on the nature and extent of injuries
suffered . . .

A party must make its initial disclosures based on the information then
reasonably available to it and is not excused from making its
disclosures because it has not fully completed its investigation of the
case or because it challenges the sufficiency of another party's
disclosures or because another party has not made its disclosures.

Federal Rule of Civil Procedure 37, entitled, "Failure to Make Disclosures or

Cooperate in Discovery; Sanctions," provides procedures for compelling disclosures mandated

by Rule 26(a) and responses to discovery.  Rule 37(b) provides for the imposition of sanctions

"[i]f a party . . . fails to obey an order. . . to provide or permit discovery, . . . or fails to obey an

order entered under Rule 26(f)."  In addition, pursuant to Rule 37(c)(1), "if a party 'without

substantial justification fails to disclose information required by Rule 26(a). . .' the court may

impose sanctions, including but not limited to any of the actions authorized under Rule

37(b)(2)(A), (B), and (C)."  *MCI Worldcom Commc'ns, Inc. v. Gamma Commc'ns Group, Inc.*,

204 F.R.D. 259, 261 (S.D.N.Y. 2001).

The sanctions available pursuant to Rule 37(b)(2)(A)-(C) include:

(A) An order that the matters regarding which the order was made or
any other designated facts shall be taken to be established for purposes

_____

(ix) an action to enforce an arbitration award.

> of the action. . . . ;
> (B) An order refusing to allow the disobedient party to support or
> oppose designated claims or defenses, or prohibiting that party from
> introducing designated matters in evidence;
> (C) An order striking the pleadings or parts thereof, or staying further
> proceedings until the order is obeyed, or dismissing the action or
> proceeding or any party thereof, or rendering a judgment by default
> against the disobedient party.

Fed. R. Civ. P. 37(b)(2)(A)-(C).  Rule 37(b) further provides that in lieu of, or in addition to, any

of the foregoing orders, "the court shall require the party failing to obey the order or the attorney

advising that party or both to pay the reasonable expenses, including attorney's fees, caused by

the failure, unless the court finds that the failure was substantially justified or that other

circumstances make an award of expenses unjust."

Where a party has demonstrated "willfulness, bad faith or fault" in failing to

comply with its discovery obligations, *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779

(2d Cir. 1999), including those pursuant to Federal Rule of Civil Procedure 26(a), "[o]utright

dismissal of a lawsuit . . . is within the court's discretion."  *Chambers v. NASCO, Inc.*, 501 U.S.

32, 43-45 (1991).  However, "because dismissal is a 'drastic remedy,' it 'should be imposed only

in extreme circumstances, usually after consideration of alternative, less drastic sanctions.'"

*West*, 167 F.3d at 779 (citing *John B. Hull, Inc. v. Waterbury Petroleum Prods. Inc.*, 845 F.2d

1172, 1176 (2d Cir. 1988)) (further citations omitted); *see also Salahuddin v. Harris*, 782 F.2d

1127, 1132 (2d Cir. 1986) (dismissal based on a breach of discovery obligations is "a drastic

penalty," imposed only under "extreme circumstances").  Nevertheless, a court "should not

shrink from imposing harsh sanctions where . . . they are clearly warranted."  *Jones v. Niagara

Frontier Transp. Auth.*, 836 F.2d 731, 735 (2d Cir. 1987) (further citations omitted).

Alternatively, the court may preclude a party from introducing evidence relating

to a claim or defense when it has failed to comply with its discovery obligations. *See Fleming v. Verizon New York Inc.*, No. 03 Civ. 5639, 2006 WL 2709766, *8-9 (S.D.N.Y. Sept. 22, 2006) (precluding witnesses from testifying who were not identified in plaintiff's Rule 26(a) disclosures); *Patterson v. Balsamico*, 440 F.3d 104 (2d Cir. 2006) (precluding witnesses from testifying at trial who were identified only ten days before trial, in violation of Rule 26(a)(3) and the court's order). However, as with the sanction of dismissal, "[p]reclusion of evidence is considered to be a drastic remedy and 'is generally a disfavored action.'" *Kargo Global, Inc. v. Advance Magazine Publishers, Inc.*, No. 06 Civ. 550, 2007 WL 2258688, *13 (S.D.N.Y. Aug. 6, 2007) (citing *American Stock Exchange, LLC v. Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y. 2002)).

Because plaintiff's action does not fall within one of the excepted proceedings enumerated in Rule 26(a)(1)(E), she was required early in the case to provide "a computation of any category of damages" as part of her mandatory disclosures. Fed. R. Civ. P. 26(a)(1)(C). This court's initial pretrial scheduling conference order, dated December 20, 2005, issued pursuant to Federal Civil Rules 16(b), (c) and (e) and 26(f), directed, *inter alia*, that the plaintiff provide "all authorizations", and that the parties exchange mandatory Rule 26(a) disclosures and discuss and adhere to a discovery plan. Thereafter, the court twice ordered plaintiff, on August 18, 2006 and again on April 13, 2007, to "respond fully" to defendant's discovery requests including discovery regarding "plaintiff's damages claims and her calculation of damages." (Order dated 4/13/07.) Despite the court's orders and the notice that failure to comply may subject plaintiff to sanctions, "including but not limited to a recommendation that the case be dismissed" (order dated 8/18/06), plaintiff has not provided a damages calculation. Plaintiff has

only provided the following in support of her damages claims: (1) an authorization for Carlos Lopez's participation as a volunteer in a Summer Youth Program; (2) blank authorizations for employment records and unemployment records; (3) the Social Security Administration's supplemental security income benefits summary to Carlos Lopez; (4) plaintiff's 50-H deposition testimony; (5) Carlos Lopez, Jr.'s birth certificate; and (6) an Order of Custody from King's County Family Court. The court will address in turn each of plaintiff's claims for damages and her discovery responses in support of those claims.

## A.    *Loss of Support, Services and Earnings*

Plaintiff claims damages for loss of support, loss of service and loss of earnings, (*see* City's Motion, Exh. B) but, despite three court orders, has provided only the barest of discovery to support her claims. In support of her loss of services and loss of support claims, plaintiff has provided no discovery regarding her calculation of damages or any documentary support, and merely states: "[L]oss of services and loss of support are . . . jury questions and plaintiff has testified to the support and loss of income at her 50-H hearing and further disclosure, if any, will be the subject of her deposition testimony." (City's Motion, Exh. B at 1.) It is not clear from the record that plaintiff provided the following in response to defendant's discovery demands seeking lost earnings discovery: income tax returns, and names, telephone numbers and addresses of plaintiff's and the decedent's employers (defendant's Interrogatory Number 5). In support of her lost earnings claim, plaintiff testified at her 50-H hearing, in relevant part, as follows:

Q:    At the time of his death, was Carlos employed?
A:    No.
Q:    Was he in school?
A:    Yes.

15

```
. . .
Q:      Did Carlos ever work while he went to school?
A:      Yes.
Q:      What did he do?
A:      A couple of years back he worked at the B1 Precinct as a
        volunteer.
. . .
Q:      When in relation to his death was he doing . . . work?
A:      Working in stores, doing little side jobs, working in a
        laundromat.
. . .
Q:      Generally, how much would he earn a week doing that,
        working in stores or laundromats?
A:      About $100.
Q:      Would it be fair to say that you and his father supported him?
A:      Yes.
```

(Pl.'s Opp.; Exh. B at 7-11.)

The only other evidence plaintiff produced that either she or Carlos Lopez

received any income from any source is Carlos Lopez's Social Security Administration benefits

award of approximately $35,641 for the period January 1, 1997 to December 1, 2003, with an

average monthly payment of $424.30.  (City's Motion, Exh. E.)  Plaintiff further asserted that

her claim for lost earnings is "the subject of Expert Disclosure."  (City's Motion, Exh. B.)

While acknowledging the "dearth of information and documents" in support of

her claims, plaintiff stated that she has provided all evidence in her possession relating to

damages, and accordingly, should not now be punished for her failure to produce that which she

does not have, but rather, should be allowed to present her evidence (however minimal) to a jury.

(Pl.'s Opp. at 2.)  She stated: "Plaintiff has provided all documents in plaintiff's possession with

respect to: (1) the Interrogatories; (2) documentation of damages that plaintiff alleges stem from

the [May 1, 2003 shooting];" (3) lost income; (4) employment and unemployment records and

(5) the custody and parentage of Carlos Lopez, Jr.  (City's Motion, Exh. B.)   Similarly,

plaintiff's counsel asserted,

> Defendants' counsel mistakenly equates the dearth of information and documents with a refusal to provide discovery . . . . [D]efendants have conveniently omitted the significant fact that plaintiff has responded to defendants' inquiries on each occasion: to wit, plaintiff's response to defendants' interrogatories dated August 22, 2006; plaintiff's response to defendants' request for social security and employment authorization dated November 30, 2006; plaintiff's request for special authorization dated November 24, 2006; plaintiff's additional Rule 26 disclosure dated May 1, 2007.

(Pl.'s Opp. at 2.)

Accordingly, even though plaintiff has failed to provide any damages calculations, plaintiff has produced all the evidence relating to damages in her possession, custody and control, albeit with repeated defense requests and court orders, and thus has not completely refused or failed to comply with her discovery obligations. The mere paucity of plaintiff's discovery responses does not indicate sufficient bad faith to warrant dismissal of the action, or an order precluding her from introducing evidence previously produced regarding damages. *See United States v. Rylander*, 460 U.S. 752, 757 (1983) ("Where compliance is impossible, neither the moving party nor the court has any reason to proceed with the civil contempt action."); *Grinblat v. City of New York*, No. 01 Civ. 3609, 2002 WL 31619036, *3 n.2 (S.D.N.Y. Nov. 19, 2002) (finding "in the absence of any countervailing evidence" that defendant failed to produce all documents in its possession, custody and control, "there is simply no basis for an award of sanctions"); *Sobol v. E.P. Dutton, Inc.*, 112 F.R.D. 99, 102 (S.D.N.Y. 1989) (denying motion for sanctions because defendant "swears that she did produce all documents which were in her possession and that any others not produced either do not exist, were not kept, were lost, or were misplaced . . . . She cannot produce, she asserts, that which

does not exist or is neither in her possession nor under her control. If compliance is impossible there is no basis for imposing sanctions"); *cf. Sieck v. Russo*, 869 F.2d 131 (2d Cir. 1989) (entering a default judgment entered after defendants twice failed to appear for their depositions despite two court orders); *Cine Forty-Second Street Theatre Corp. v. Allied Artists Picture Corp.*, 602 F.2d 1062, 1066-1068 (2d Cir. 1979) (dismissing case because of plaintiff's "grossly negligent failure to obey an order compelling discovery" and thus "[freezing] this litigation in the discovery phase for nearly four years").

Moreover, plaintiff has produced at least some evidence that Carlos Lopez earned income and supported the household: i.e., that he earned approximately $100 a week from unidentified employers and was awarded Social Security benefits. (*See id.*; City's Motion, Exh. E.) In addition, based on the scant universe of evidence produced to defendant, plaintiff's expert(s) may also be able to opine about Carlos Lopez's future earning potential, but may not testify as to the calculation of plaintiff's damages. Accordingly, plaintiff should be allowed to present only the evidence produced thus far to a jury, who may reasonably conclude that the evidence provides insufficient justification for a damages award. *See George v. Ford Motor Co.*, No. 03 Civ. 7643, 2007 WL 2398806, at *5 (S.D.N.Y. Aug. 17, 2007) ("However unlikely it may appear that plaintiffs will ultimately be able to justify an award of punitive damages, the issue is an intensely factual one, and the legal sufficiency of plaintiff's evidence will be better addressed at or after trial, once plaintiffs have had the opportunity to present that evidence in full."); *Health Alliance Network, Inc. v. Continental Casualty Co., CNA*, No. 01 Civ. 5858, 2007 WL 2456095, at *3 (S.D.N.Y. July 30, 2007) (noting that "the jury was entitled to give less weight to [evidence defendant could not provide to rebut plaintiffs' damages claims] in making

18

its damages assessment"); *EMI Music Marketing v. Avatar Records, Inc.*, 334 F. Supp. 2d 442, 444-445 (S.D.N.Y. 2004) ("Plaintiff's arguments [to preclude defendant from introducing evidence regarding lost profits in support of defendant's counterclaims] are more properly directed to the jury during trial than to the Court before trial. Certainly, to recover damages [on its counterclaim, defendant] will have to introduce sufficient evidence, and [plaintiff] will be free to challenge that evidence at trial and to argue to the jury that [defendant] has failed to prove damages."). Here, plaintiff must face the risk that the minimal evidence she may present at trial will fail to persuade a reasonable jury that she should be awarded the damages she seeks. *See George*, 2007 WL 2398806, at *5.

Similarly, because full compliance with defendant's discovery demands and plaintiff's obligations pursuant to Rule 26(a) was "impossible," this court declines to award defendant attorneys' fees for plaintiff's failure to provide that which she does not possess. *Sobol*, 112 F.R.D. at 102 (declining to impose sanctions because compliance with document request was "impossible"); *see also Grinblat*, 2002 WL 31619036, at *3 n.2 (denying plaintiff's motion Rule 37(b) sanctions where there was no evidence that defendant failed to produce documents).

Nevertheless, because the time for producing evidence in support of her damages claims has long-since passed (*see* order dated 4/13/07 directing plaintiff to provide such evidence by April 30, 2007), the court hereby precludes plaintiff from introducing any evidence regarding her calculation of damages and additional evidence she may discover regarding damages, and orders that plaintiff and her expert(s) rely solely upon that which she has previously produced in support of her damages claims. *See Kargo Global,* 2007 WL 2258688,

19

*13 ("The [Federal discovery] rules are designed to avoid surprise or trial by ambush.") (citing *American Stock Exchange*, 215 F.R.D. at 93); *Kunstler v. City of New York*, 242 F.R.D. 261, 264 (S.D.N.Y. 2007); *Casilla v. New York State Dept. of Labor*, No. 04 Civ. 6694, 2005 WL 3502050, *7 (S.D.N.Y. Dec. 21, 2005); *Lesser v. Wildwood*, 01 Civ. 4209, 2003 WL 22228757 at *2 (S.D.N.Y. Sep. 29, 2003).

## B.     *Loss of Parental Guidance*

Plaintiff further claims damages for loss of parental guidance (*see* City's Motion, Exh. B), presumably on behalf of the estate of decedent Carlos Lopez, rather than Carlos Lopez, Jr., for whom she does not sue in her capacity as guardian.  The only evidence plaintiff has produced to purportedly demonstrate that the decedent is the father of Carlos Lopez, Jr., however, is a birth certificate that does not name a father, and an order from the King's County Family Court awarding custody of Carlos Lopez, Jr. to plaintiff Carolyn Lopez.  (City's Motion, Exh. B at 4-5.) As noted above, the Order of Custody fails to mention or make a finding regarding paternity.  (City's Motion, Exh. B at 5.)   On the other hand, the birth certificate and Order of Custody also demonstrate that Carlos Lopez, Jr.'s mother named him after a Carlos Lopez, and that decedent's mother accepted responsibility for the child.  In addition, plaintiff testified at her 50-H hearing, in relevant part, as follows:

    Q:     Did your son Carlos contribute to the support of his son at all?
    A:     Yes.
    Q:     How would he contribute? . . . Would he give you money?
    A:     Yes.
    Q:     The child was born when?
    A:     After.
    Q:     So he had never seen his son?
    A:     No.
    Q:     Was he aware that he was expecting a child?
    A:     Yes.

20

> Q:      Had he saved any money in anticipation of that?
> A:      Yes.
> . . .
> Q:      Can you tell me how much he had saved for the child?
> . . .
> A:      I don't remember now.

(Pl.'s Opp., Exh. B at 11-12.) Her testimony suggests that Carlos Lopez knew he was about to become a father, and was prepared to, in some amount, provide financially for his child.

Therefore, although plaintiff has failed to produce evidence that demonstrates with unequivocal certainty that Carlos Lopez, Jr. is the son of decedent Carlos Lopez, plaintiff has introduced sufficient evidence that could persuade a reasonable jury that such a relationship existed. Accordingly, this court denies defendant's motion to preclude plaintiff from pursuing a claim for loss of parental guidance, but again orders that the evidence plaintiff may present at trial regarding the loss of parental guidance claim is limited to the minimal evidence produced thus far, and may not include a calculation of damages for the loss of parental guidance. *See George*, 2007 WL 2399806, at *5; *cf. Campbell v. Diguglielmo*, 148 F. Supp. 2d 269, 274 (S.D.N.Y. 2001) (plaintiff's production of evidence of his deceased father's income, actual and planned financial support and parental guidance, was sufficient evidence for the jury to award plaintiff lost inheritance, loss of financial support and loss of parental guidance).

## C.    *Denial of Access to the Courts*

Finally, in her Rule 26(a) Initial Disclosures, plaintiff also asserted a claim on her own behalf for denial of access to the courts, but stated in her Supplemental Rule 26(a) Disclosures that such a claim is a "question[] of fact for plenary resolution by a jury and [is] not subject to 'computation' under Rule 26(a)(i)(c) [sic] nor the subject of document disclosure under Rule 34." (City's Motion, Exh. B at 1.)

"The right of access to the courts . . . assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights." *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974). In *Christopher v. Harbury*, 536 U.S. 403, 413 (2002), the Supreme Court noted that claims for denial of access to the courts fall into two categories. The first contains "forward-looking" claims, in which "systematic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time." *Harbury*, 536 U.S. at 413; *see also Farella v. City of New York*, Nos. 05 Civ. 5711 and 8264, 2007 WL 2456886, *6 (S.D.N.Y. Aug. 23, 2007). The second category, or "backward-looking" claims, "covers [claims] not in aid of a class of suits yet to be litigated, but of specific cases that cannot now be tried (or tried with all material evidence), no matter what official action may be in the future. The official acts claimed to have denied access may allegedly have caused the loss or inadequate settlement of a meritorious case." *Harbury*, 536 U.S. at 413-414 (footnote omitted). Cases in this latter category may include "allegations of a cover-up by city or state officials." *Farella*, 2007 WL 2456886, at *6. For both categories, "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint," and for backward-looking claims, "the complaint must identify a remedy that may be awarded as a recompense but [that is] not otherwise available in some suit that may yet be brought." *Harbury*, 536 U.S. at 415-416. In addition, plaintiff must also allege that defendant "took or was responsible for actions that 'hindered [a plaintiff's] efforts to pursue a legal claim.'" *Monsky v. Moraghan*, 127 F.3d 243, 247 (2d Cir. 1997) (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)).

    In this case, the court finds that plaintiff's denial of access to the courts claim fails

because, contrary to the Supreme Court's directive, the complaint does not identify lost claims that cannot now be tried with all material evidence, or identify remedies that may be awarded as recompense but that are not otherwise available in some suit yet to be brought. *See Harbury*, 536 U.S. at 415. The complaint alleges the following causes of action: Count I (excessive use of force), Count II (excessive use of force and false arrest), Count III (failure to intercede), Count IV (pendent claim of negligence and recklessness), Count V (pendent claim of respondeat superior) and Count VI (42 U.S.C. § 1983 and pendent claim by Carolyn Lopez and Carlos Lopez's estate). (*See* Compl. at ¶¶ 30-51.) Plaintiff, having stated that hers is a backward-looking claim, (*see* Pl.'s Opp. at 5), has failed to "identify a remedy that . . . [is] not otherwise available" in her underlying suit. *Harbury*, 536 U.S. at 415. Moreover, plaintiff did not allege the existence of a cover-up until recently, almost two years into the litigation, when she opposed defendant's current motion and stated for the first time,

> It is clear that the within case is an example of police cover up as "Twin" was identified as the murderer of James Hodge and not Carlos Lopez and the police failed to investigate this claim as to do so would implicate the officers [sic] culpability in the shooting of the wrong man.

(Pl.'s Opp. at 5.)

It is, however, not clear what official "actions hindered [plaintiff's] efforts to pursue a legal claim," what claim she could have brought without such hindrance, and how a denial of access to the courts claim would provide a remedy not otherwise available in her underlying suit. *Key v. Tanoury*, No. 05 Civ. 10461, 2006 WL 3208548, at *2, 4 (S.D.N.Y. Nov. 3, 2006) (dismissing denial of access to the courts claim because plaintiff failed to describe the basis of his underlying complaint and allege "how the missing . . . documents and evidence

hindered his efforts to litigate that underlying lawsuit"); *cf. Small v. City of New York*, 274 F. Supp. 2d 271, 278 (E.D.N.Y. 2003) (in a backward-looking case, sustaining a denial of access to the courts claim because plaintiffs identified "two separate forms of recovery, conscious pain and suffering and punitive damages, and one defense, comparative negligence, which, as a result of defendants' alleged acts of obstruction, cannot now be tried (or tried with all material evidence)"), *reconsideration denied*, 304 F. Supp. 2d 401 (2004).

Accordingly, having failed to articulate her basis for her denial of access to the courts claim and having failed to produce any evidence or identify any missing evidence in support thereof, this court respectfully recommends that plaintiff's denial of access to the courts claim be dismissed. *See Harbury*, 536 U.S. at 415 ("There is, after all, no point in spending time and money to establish the facts constituting denial of access when a plaintiff would end up just as well off after litigating a simpler case without the denial-of-access element."); *Farella*, 2007 WL 2456886, at *9 (dismissing denial of access to the courts claim because plaintiffs were not hindered from pursuing an alternative remedy, and plaintiffs failed to "come close to demonstrating [that the City preformed] anything approaching a cover-up").

## CONCLUSION

Because plaintiff has produced all evidence in her possession, custody and control in support of her damages claim, the court denies defendant's motion to dismiss the action or to preclude plaintiff from introducing evidence in support of her damages claim, and denies defendant's request for attorneys' fees pursuant to 28 U.S.C. § 1927 and Rule 37 of the Federal Rules of Civil Procedure. Instead, plaintiff must face the possibility that such minimal evidence

and lack of any damages calculations will fail to persuade the jury that she should be awarded the damages she seeks. *See George*, 2007 WL 2398806, at *5. However, to avoid "trial-by-ambush," the court precludes plaintiff from introducing any evidence regarding her damages calculations and any additional evidence regarding damages beyond what plaintiff has already provided in support of the damages claim of plaintiff and the decedent, and orders that plaintiff and her expert(s) rely solely upon the documentation and evidence previously produced. *Kargo Global,* 2007 WL 2258688, *13 Finally, the court respectfully recommends that plaintiff be precluded from asserting a denial of access to the courts claim, as she has failed to allege a remedy independent of her underlying claim, and to identify what action or claim she could have brought but for the alleged official misconduct. *See Harbury*, 536 U.S. at 415.


**SO ORDERED.**

Dated: September 18, 2007
      Brooklyn, New York

                              _____/s/_____
                              KIYO A. MATSUMOTO
                              United States Magistrate Judge