UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CAROLYN LOPEZ, individually and as
Administratrix of the Estate of CARLOS
LOPEZ, deceased,

                Plaintiff,                Docket No: 1:05-cv-03624 (RML)

   -against-

THE CITY OF NEW YORK, and "JOHN DOES"
whose identities and numbers are presently
unknown but who represent police officers and
non-uniformed police employees of defendant
CITY OF NEW YORK, both in their individual
and official capacities.

                Defendants.
----------------------------------------------------------------X

## JOINT PRE-TRIAL ORDER

(i)

Respectfully submitted,

THE COCHRAN FIRM
Attorneys for Plaintiff

By: _____
Paul Chin, Esq. (PC 9656)
233 Broadway, 5th Floor
New York, NY 10279
Ph:  (212) 227-9740
Cell:  (917) 626-8971
Fax: (212) 227-8763

EDWARDS ANGELL PALMER
  & DODGE LLP
Attorneys for Defendant

By: _____
Ira G. Greenberg, Esq. (IG 6156)
Zachary Silverman, Esq. (ZS 0515)
750 Lexington Avenue, 8th Floor
New York, NY 10022
Ph:  (212) 308-4411
Fax: (212) 308-4844

## PARTIES

| | | |
|---|---|---|
| (ii) | Plaintiff:<br>Carolyn Lopez | The Cochran Firm<br>233 Broadway, 5th Floor<br>New York, NY 10279<br>Ph: (212) 227-9740<br>Cell: (917) 626-8971<br>Fax: (212) 227-8763<br>Paul Chin, Esq. |
| | Defendant:<br>The City of New York | Edwards Angell Palmer & Dodge LLP<br>750 Lexington Avenue<br>New York, NY 10022<br>Ph: (212) 308-4411<br>Fax: (212) 308-4844<br>Ira G. Greenberg, Esq.<br>Zachary Silverman, Esq. |

(iii)                  **BASIS OF SUBJECT MATTER**

**JURISDICTION: FEDERAL QUESTION 28 USCA §§1343 and 1367**

## BRIEF SUMMARY OF CLAIMS

(iv)   This is an action for violation of civil rights, denial of access to the Court, conscious pain and suffering, fear of impending death, wrongful death and loss of parental guidance[1]. Plaintiff claims that while on official police business and within the scope of his employment, namely, responding to the shooting of James Hodge, Detective Alfred Robinson, negligently, mistakenly and with illegal use of deadly force shot Carlos Lopez to death.

(v)   The case is to be tried with a jury of eight persons.

---

[1] Defendant objects; it does not agree that loss of parental guidance is an established cause of action or grounds for recovery in this case.

## **STIPULATION AND AGREED UPON FACTS**

(vi)   On May 1, 2003, James Hodge was shot to death by an assailant who was wearing a black hooded sweatshirt on Gates Avenue in Brooklyn. On the same day Det. Alfred Robinson fired his weapon twice; one of the bullets struck and killed Carlos Lopez, Jr. causing his death.

Detective Mark Basoa (in person/deposition) will testify as to his ballistics testing on the .38 Special Rossi recovered from the crime scene. Bullets MB1.1, MB.3 and MB.4 (bullets recovered from Hodge's body) were "inconclusive" as to whether they came from the Rossi .38. No finger prints were found on the revolver; no powder residue was found on Mr. Lopez hand.

Jessica Wright (in person/deposition) will testify as to her observation of Carlos Lopez on the date of accident and seeing "Twin" dressed in black pants and black hoodie sweat shirt fleeing after she heard shots.

Sandra Britt (in person/deposition) will testify that she saw Carlos Lopez on Gates and Marcus Garvey and that he was purchasing CD's on the street.

Detective Silvo Bellissimo (in person/deposition) will testify as to the statement taken from Jamar Veazy during an investigation into the shooting of "GEE" and that Veazy was charged and convicted of possession of an operable firearm.

Deval Robinson (in person/deposition) will testify that Mr. Lopez was alive when he attempted to treat him.

Captain Kristel Johnson (in person/deposition) will testify as to the final report prepared by the NYPD on the Hodge/Lopez shootings.

Deposition will only be used in a manner consistent with the provisions of F.R.C.P. 32.

## PLAINTIFF'S EXPERT WITNESSES

James Gannalo (in person) as to a reconstruction of the shootings of Hodge and Lopez, his review and analysis of bullets recovered from the crime scene, refutation of defense expert Krivosta's analysis and reconstruction, including presence of blood on M2 bullet and the absence of biological data on M1 (the discount store bullet); the failure of defendants to have done SEM/EDX procedures on Mr. Lopez's hands to see if he had primer residues consistent with discharging a weapon and absence of fingerprint testing on the firearm and bullets.

Michelle Miranda (in person) as to her review and analysis of bullets recovered from the crime scene refutation of defense expert Krivosta's analysis and reconstruction, including presence of blood on M2 bullet and the absence of biuliziad marking on M1 (the discount store bullet); the failure of defendants to have done SEM/EDX procedures on Mr. Lopez's hands to see if he had primer residues consistent with discharging a weapon and absence of fingerprint testing on the firearm and bullets.

Lone Thanning (in person) will testify that plaintiff decedent experienced 18-28 minutes of conscious pain and suffering, anxiety, fear of impending death, shortness of breath, feeling of drowning; the results of autopsy; delay in obtaining plaintiff medical treatment; Dr. Thanning will also refute defense Ballistics' experts and medical examiner's expert's opinions.

## **PLAINTIFF'S DEPOSITION TO BE OFFERED**

(viii)   Depositions will not be read in plaintiff's case in Chief except in accordance with F.R.C.P. 32.

The entire cross examination of Ms. Dorothy White will be read in the event she fails to appear live for her testimony; these portions of Ms. White's testimony which are unresponsive, hearsay or speculation will be objected to.

## PLAINTIFF'S EXPERT WITNESSES

James Gannalo (in person) as to a reconstruction of the shootings of Hodge and Lopez, his review and analysis of bullets recovered from the crime scene, refutation of defense expert Krivosta's analysis and reconstruction, including presence of blood on M2 bullet and the absence of biological data on M1 (the discount store bullet); the failure of defendants to have done SEM/EDX procedures on Mr. Lopez's hands to see if he had primer residues consistent with discharging a weapon and absence of fingerprint testing on the firearm and bullets.

Michelle Miranda (in person) as to her review and analysis of bullets recovered from the crime scene refutation of defense expert Krivosta's analysis and reconstruction, including presence of blood on M2 bullet and the absence of biuliziad marking on M1 (the discount store bullet); the failure of defendants to have done SEM/EDX procedures on Mr. Lopez's hands to see if he had primer residues consistent with discharging a weapon and absence of fingerprint testing on the firearm and bullets.

Lone Thanning (in person) will testify that plaintiff decedent experienced 18-28 minutes of conscious pain and suffering, anxiety, fear of impending death, shortness of breath, feeling of drowning; the results of autopsy; delay in obtaining plaintiff medical treatment; Dr. Thanning will also refute defense Ballistics' experts and medical examiner's expert's opinions.

## PLAINTIFF'S TRIAL EXHIBITS

(ix) 1. Autopsy of Carlos Lopez
    2. Diagram of area (not to scale) (White Dep. Exh.7)
    3. Crime Scene Unit Report (NYC295-306)
    4. Photograph of front of 685 Gates (NYC366)
    5. Photograph of vestibule of 685 Gates. (NYC368)
    6. Photograph of front of Top Ten Discount store (NYC370)
    7. Photograph of corner of Gates and Marcus Garvey (NYC372)
    8. Photograph of Marcus Garvey at Gates (NYC 374)
    9. Photograph of Marcus Garvey from intersection (NYC376)
    10. Photograph of Marcus Garvey with body (NYC378)
    11. Photograph of Marcus Garvey with body, closer (NYC380)
    12. Photograph of head of Carlos Lopez on sidewalk (NYC386)
    13. Photograph of body of Carlos Lopez on sidewalk (NYC388)
    14. Photograph of body of Carlos Lopez on sidewalk (NYC394)
    15. Photograph of bullet on windshield of van (NYC410)
    16. Photograph of location of shell in street (NYC414)
    17. Photograph of shell in street (NYC416)
    18. Photograph (closeup of door to 685 Gates (NYC420)
    19. Photograph of corner of Gates and Marcus Garvey (NYC430)
    20. Photograph of window of Top Ten Discount store with bullet hole (NYC434)
    21. Photograph of hole in box store (NYC448)
    22. Photograph of automobile used by detectives on day in question (NYC458)
    23. Photograph of Gates west of Marcus Garvey (NYC466).
    24. Photograph marked Plaintiff's Exhibit No. 1 on 9/27/06 (NYC000374)
    25. Photograph marked Plaintiff's Exhibit No. 9 (NYC000394)
    26. Photograph marked Plaintiff's Exhibit No. 7 (NYC000380)
    27. Photograph marked Plaintiff's Exhibit No. 5 (NYC000424)
    28. Photograph of Marcus Garvey Street (NYC00432)
    29. Photograph of Store (NYC000434)
    30. Photograph of location (NYC00458)
    31. Photograph of location (NYC000470)
    32. Photograph marked Plaintiff's Exhibit No. 1 on 10/20/06 (NYC000468)
    33. Photograph bates stamped (NYC000418)
    34. Photograph bates stamped (NYC000416)
    35. Photograph bates stamped (NYC000412)
    36. Photograph of location bates stamped (NYC000456)
    37. Photograph marked Plaintiff's Exhibit Johnson 3 on 3/22/07 (NYC000353)
    38. Photograph marked Plaintiff's Exhibit 3 on 5/10/07 (NYC000384)
    39. Photograph marked Plaintiff's Exhibit Johnson 5 on 7/13/07 (NYC000402)
    40. Photograph marked Plaintiff's Exhibit Johnson 4 on 7/13/07 (NYC000398)
    41. Photograph marked Plaintiff's Exhibit 2 on 5/10/07 (NYC000378)
    42. Photograph marked Plaintiff's Exhibit 3 on 10/31/06 (NYC000460)
    43. Photograph marked Plaintiff's Exhibit 2 on 7/10/07 (NYC000388)
    44. Photograph marked Plaintiff's Exhibit No. 1 on 8/2/07 (NYC000406)
    45. Photograph marked Plaintiff's Exhibit 3 on 10/20/06 (NYC000430)
    46. Photograph marked Plaintiff's Exhibit 3 on 5/10/07 (NYC000376)

47. Photograph marked Plaintiff's Exhibit 4A on 10/24/06 (NYC000468)
48. Photograph marked Plaintiff's Exhibit 4 on 5/10/07 (NYC000446)
49. Photograph marked Defendant's Exhibit No. H on 9/29/06 (NYC000414)
50. Photograph marked Plaintiff's Exhibit 6 on 10/31/06 (NYC000408)
51. Photograph marked Plaintiff's Exhibit 5 on 5/10/07 (NYC00436)
52. Photograph bates stamped (NYC000410)
53. Ballistic reports generated by Detectives Bosoa and Fontanez
54. Report of laboratory examination of M3 Bullet (failing to match with Lopez's DNA)
55. Deposition Exhibits marked at White's deposition
56. Photographs of Jamar Veazy
57. Photographs of Carlos Lopez
58. Exculpatory statement made by Jamar Veazy [2]
59 Ballistics testing/weapon possessed by Jamar Veazy
60. Relevant portions of Det. Robinson's CCRB records[3]

---

[2] Defendant objects to the introduction of the Exhibit on Hearsay grounds.
[3] Defendant objects to the introduction of the Exhibit on the ground of relevance and Rule 404

(x) **DEFENDANT'S WITNESS LIST**

1. <u>Detective Alfred Robinson</u>. Detective Robinson will testify to his experience as a police officer and to the events on May 1, 2003. More particularly, he will testify to how he came to the scene, what he saw and heard there, and how and why he came to shoot Carlos Lopez. He will also testify to what happened after the shooting and to his return to duty.

2. <u>Detective John Pembelton</u>. Detective Pembelton, Detective Robinson's partner, will testify substantially on the subjects in paragraph 1 above. Detective Pembelton is expected to testify that Detective Robinson had no realistic alternative other than to shoot Mr. Lopez in self-defense. Detective Pembelton will also testify to Mr. Lopez's condition; assistance that Mr. Lopez was afforded; and Mr. Lopez's weapon.

3. <u>Officer Antonio Gonzalez (by de bene esse deposition)</u>. Officer Gonzalez will testify how and at what stage he and his partner, Officer David Arroyo, arrived at the scene. He will also testify about what he did when he arrived, including handcuffing and then unhandcuffing Mr. Lopez, and why he did those things, and what he observed about Mr. Lopez. He will also testify about other things he did at the scene.

4. <u>Officer David Arroyo</u>. Officer Arroyo will testify to his arrival and activities at the scene and his observations about Mr. Lopez. He will also testify to his efforts to summon help and his ultimate departure from the scene.

5. <u>Officer Jennifer Whitney</u>. Officer Whitney will rebut the testimony of Carolyn Lopez to the extent Ms. Lopez testifies to Whitney's telling her that the police's shooting of Mr. Lopez was a mistake.

6. <u>Nadine Bristol (live or by deposition)</u>. Ms. Bristol, a emergency medical technician at the time of the incident, will testify to her arrival at the scene, her examination of Mr. Lopez, and her conclusions about his condition and the efficacy of any treatment.

7.  Dorothy White (by deposition). Ms. White will testify to her observation of the events on the date in question. More particularly, she will testify to her observation of Mr. Lopez, his conduct when confronted by Detectives Robinson and Pembelton, and his location after being shot.

8.  Miriam Prestol (by deposition). Ms. Prestol will testify substantially to the same subjects as those described in paragraph __ above.

9.  Antoine Robinson (live or by deposition). Mr. Robinson, a paramedic, will testify to his arrival at the scene of the incident and his observation concerning Mr. Lopez's treatment and condition. He will also testify to his return to the scene and the removal of Mr. Lopez's body.

10. Ricardo Andrews (live or by deposition). Mr. Andrews, who worked in the area, will testify to his observation of both people who were shot in the incident as well as his observation of the police's conduct. In addition, he may testify about sidewalk vendors in the area.

11. George Krivosta, Sydney B. Weinberg Forsensic Sciences Bldg. #487, 725 Veteran's Memorial Highway, Hauppauge, NY 11787 (office). Mr. Krivosta, an expert in forensics and ballistics, will testify consistent with his expert report about what happened on the date in question based on the forensic evidence available.

12. Dr. Charles Wetli, 2 Berkery Place, Alpine, NJ 07620 (office). Dr. Wetli, a former coroner, will testify consistent with his expert report on the nature of Carlos Lopez's injuries; the cause of his death; the likely period that Mr. Lopez would have suffered any pain and been conscious, if any; and the inability to treat this injury. In addition, he will address the testimony of plaintiffs' expert on the same subjects.

Witnesses above noted as "live or by deposition" have been subpoenaed. Depositions will be used only in a manner consistent with Fed. R. Civ. P. 32.

13

(xi)                                **DEFENDANT'S EXHIBIT LIST**

| Exhibit | Description | Admissibility* |
|---|---|---|
| A | Carlos Lopez's gun | |
| B | Photo of Carlos Lopez's gun (NYC2390) | |
| C | Clothing worn by Carlos Lopez on May 1, 2003 | |
| D | Map showing route from 18 Hunterfly to intersection of Gates and Marcus Garvey | |
| E | Autopsy of Carlos Lopez | = PX 1 |
| F | Map of area around intersection of Gates and Marcus Garvey | |
| G | Diagram of area (not to scale) (White Dep. exh. 7) | = PX 2 |
| H | Device for measuring volume of liquid | |
| I | Crime Scene Unit Report (NYC295-306) | = PX 3 |
| J | New York City Police Department Aided Report for Carlos Lopez | |
| K | New York City Police Department Aided Report for James Hodge | |
| L | Minutes, People v. Taylor, June 6, 2006 | |
| M | Minutes, People v. Kirby, July 7, 2006 | |
| N | Ambulance Call Report, #1878610, May 1, 2003 | |
| O | Fire Department Sprint Sheet, May 1, 2003 | |
| P | Property Clerk's Invoice, #L486640, May 15, 2003 | |
| Q | 911 Telephone Calls, May 1, 2003 | |
| R | Photograph of Jamar Veazy on Prisoner Movement Slip, June 12, 2003 | |
| S | Photograph of Jamar Veazy on Prisoner Movement Slip, Oct. 15, 2005 | |
| T | Photograph of front of 685 Gates (NYC366) | = PX 4 |
| U | Photograph of vestibule of 685 Gates, (NYC368) | = PX 5 |
| V | Photograph of front of Top Ten Discount store (NYC370) | = PX 6 |
| W | Photograph of corner of Gates and Marcus Garvey (NYC372) | = PX 7 |
| X | Photograph of Marcus Garvey at Gates (NYC374) | = PX 8, 24 |
| Y | Photograph of Marcus Garvey from intersection (NYC376) | = PX 9, 46 |
| Z | Photograph of Marcus Garvey with body (NYC378) | = PX 10, 41 |
| AA | Photograph of Marcus Garvey with body, closer (NYC380) | = PX 11, 26 |
| BB | Photograph of head of Carlos Lopez on sidewalk (NYC 386) | = PX 12 |
| CC | Photograph of body of Carlos Lopez on sidewalk (NYC388) | = PX 13, 43 |
| DD | Photograph of body of Carlos Lopez on sidewalk (NYC394) | = PX 14, 25 |
| EE | Photograph of bullet on windshield of van (NYC410) | = PX 15, 52 |

| FF | Photograph of location of shell in street (NYC414) | = PX 16, 49 |
| --- | --- | --- |
| GG | Photograph of shell in street (NYC 416) | = PX 17, 34 |
| HH | Photograph (closeup) of door to 685 Gates (NYC420) | = PX 18 |
| II | Photograph of corner of Gates and Marcus Garvey (NYC430) | = PX 19, 45 |
| JJ | Photograph of window of Top Ten Discount store with bullet hole (NYC434) | = PX 20, 29 |
| KK | Photograph of hole in box in store (NYC448) | = PX 21 |
| LL | Photograph of automobile used by detectives on day in question (NYC458) | = PX 22, 30 |
| MM | Photograph of Gates west of Marcus Garvey (NYC468) | = PX 32, 47 |
| NN | Petition for custody, Lopez v. Lopez (C. Lopez Exh. A) | |
| OO | Schedule A, Proceeding for Letters, E/o Lopez (C. Lopez Exh. B) | |
| PP | Schedule C, Proceeding for Letters, E/o Lopez (C. Lopez Exh. C) | |
| QQ | Petition for letters, E/o Lopez (C. Lopez Exh. D) | |
| RR | Request to be selected as payee (C. Lopez Exh. U) | |
| SS | Statement for determining continuing eligibility (C. Lopez Exh. V) | |
| TT | Surveillance video | |
| UU | "Rap sheet," Carlos Lopez | |
| VV | "Rap sheet," Anthony Kirby | |
| WW | "Rap sheet," Tremaine Kirby | |
| XX | Statement of Devale Robinson (Thanning Dep. exh. 2) | ID only |
| YY | Statement of Tremain Kirby (Thanning Dep. exh. 5) | ID only |
| ZZ | Shooting investigation report (Johnson Dep. exh. 1) | |
| AAA | Birth certificate, Carlos Lopez, Jr. | |

*One asterisk denotes that authenticity is stipulated.  Two asterisks denotes that admissibility is stipulated.

Note:  The City reserves the right to use copies of the above that were annotated and marked as exhibits at various depositions taken in this case.

15