# THE COCHRAN FIRM
## New York, New York

D + F
as original

127 PEACHTREE STREET, NE
SUITE 800
ATLANTA, GEORGIA 30303

1 NORTH LASALLE
SUITE 2450
CHICAGO, ILLINOIS 60602

163 WEST MAIN STREET
DOTHAN, ALABAMA 36301

4929 WILSHIRE BOULEVARD
SUITE 1010
LOS ANGELES, CALIFORNIA 90010

THE WOOLWORTH BUILDING
233 BROADWAY, 5TH FLOOR
NEW YORK, NEW YORK 10279
TEL. NO.: (212) 553-9215
FAX NO.: (212) 227-8763

ONE COMMERCE SQUARE
26TH FLOOR
MEMPHIS, TENNESSEE 38103

99 HUDSON STREET
8TH FLOOR
NEW YORK, NEW YORK 10013

306 N. MAIN STREET
TUSKEGEE, ALABAMA 36083

1100 NEW YORK AVENUE, NW
2ND FLOOR
WASHINGTON, D.C. 20005

**VIA FACSIMILE**
Hon Magistrate Robert M. Levy
United States Magistrate Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

>   Re:   *Status of Detective Alfred Robinson as a Defendant or Non-Party in this Action*
>         *Lopez v. City of New York, et. al*
>         Case No: 05-cv-03624 (KAM) (RML)

Dear Judge Levy:

The following constitutes Plaintiff's submission in support of its position that Detective Alfred Robinson ("Detective Robinson") is a defendant in this action and has been a defendant since the filing of the parties' First Amended Verified Complaint. In support of this position, Plaintiff states as follows:

A.   **The facts of this matter support a finding that Detective Robinson is party defendant**

1.   It is clear from the Court's docket entries that on or about February 23, 2006, Magistrate Judge Kiyo Matsumoto ("Judge Matsumoto") instructed the parties to, *inter alia*, "attempt to stipulate to any amended complaint, a proposed draft of which shall be provided to defendants by 3/10/06." *See, Court's Docket Entries #14 at n. (4).* Judge Matsumoto also instructed "Plaintiff shall file either a stipulated amended complaint or shall move to amend by 3/17/06." Id. On March 16, 2006, Plaintiff's counsel, Derek Sells of The Cochran Firm, forwarded a copy of the First Amended Verified Complaint (the "Amended Complaint") to Judge Matsumoto. *See, Exhibit A – Letter to J. Matsumoto.* In his letter to Judge Matsumoto, Mr. Sells states that he showed a copy of the Amended Complaint to Alan Scheiner, Esq. of the Office of the Corporation Counsel ("Mr. Scheiner"), counsel for the City of New York, and that Mr. Scheiner had no objection to the filing. Id. Mr. Sells served a copy of his letter and the Amended Complaint to Mr. Scheiner. Id. The Amended Complaint is almost identical to the

# THE COCHRAN FIRM

original Complaint except that Detective Robinson is named as a defendant and his name is substituted for the "John Does" contained in the original Complaint. The Answer to the Complaint admitted that a police officer shot Carlos Lopez. As a result, an amended answer was not necessary because the "John Doe" officer was identified to be Detective Robinson

2. On May 12, 2006, Mr. Scheiner writes to Judge Matsumoto opposing the production of, *inter alia,* Detective Robinson's IAB files. *See, Exhibit B – Mr. Scheiner's Letter to Judge Matsumoto.* At the conclusion of his letter Mr. Scheiner states, in pertinent part, that "[F]or these reasons, defendants respectfully oppose production of these files to the plaintiffs." Id. at pg. 4. On or about June 16, 2006, Judge Matsumoto issues a decision on Mr. Scheiner's request. *See, Court's Docket Entries #29.* In her order Judge Matsumoto identifies Detective Robinson as the "defendant detective" and identifies Mr. Scheiner as "counsel for the defendants." Id.

3. Plaintiff conducted Detective Robinson's deposition in October 2006. At Detective Robinson's deposition of October 20, 2006, Mr. Scheiner made the following statement on the record:

> "I'd like to put something on the record. I'll put in an objection to the instruction that he cannot consult with his attorney before answering a question. The law permits the witness to consult with his attorney with regards to issues of privilege."

*See, Robinson Dep. Tr. At pg. 5 ¶¶13-19.*

4. The caption of some of the deposition transcripts identify Detective Robinson as a named defendant. *See, Exhibit C – Caption page of the Deposition of Detective Mark Basoa dated January 22, 2008; Caption page of the Deposition Transcript of Lieutenant Dennis Briordy dated January 23, 2008; and Caption page of Deposition Transcript of Luis Fontanez dated January 24, 2008.*

The aforementioned facts strongly suggest that: (1) the Court wanted the parties to come to an agreement with respect to the drafting and filing of an amended complaint without the necessity of a formal motion to amend; (2) the parties came to some stipulation as to the contents of the Amended Complaint; (3) Mr. Scheiner did not object to the filing of an Amended Complaint which named Detective Robinson as an individual defendant and therefore assumed representation of Detective Robinson as a direct defendant; (4) Judge Matsumoto reasonably believed that Detective Robinson was a defendant in this action; (5) Judge Matsumoto believed that Mr. Scheiner, and the Office of the Corporation Counsel, was representing Detective Robinson in this matter with respect to production of confidential CCRB records; and (6) Mr. Scheiner conducted himself in a manner so as to leave little doubt that he was representing Detective Robinson in this matter.

B. <u>Court may imply service of process by conduct</u>

# THE COCHRAN FIRM

More than five years after the filing of the parties' stipulated Amended Complaint, new counsel for Defendant City of New York, Ira G. Greenberg, Esq. of Edwards Angell Palmer & Dodge LLP ("Mr. Greenberg") is seeking to have Plaintiff's action dismissed for failure to properly serve Defendant Robinson. Essentially, Mr. Greenberg argues that because Detective Robinson was not personally served with a copy of the Amended Complaint, in strict accordance with F.R.C.P. 4, Detective Robinson cannot be a defendant in this case. Mr. Greenberg's position is without merit for several reasons.

First, Detective Robinson appeared through his attorney Mr. Scheiner and, therefore, has waived any jurisdictional defenses.

Second, if Detective Robinson was never served in this case and Mr. Greenberg is not his attorney, then how is it that Mr. Greenberg can assert, on Detective Robinson's behalf, the defense of improper service of process of the Amended Complaint. This defense is usually asserted by the defendant himself or the defendant's attorney. It is almost never asserted by a co-defendant in a civil action. In fact, I'm not certain Mr. Greenberg has standing to assert this defense on behalf of a defendant he claims not to represent.

Third, Mr. Greenberg's entire argument is based on a strict and inflexible reading of F.R.C.P. 4. However, in the "Second Circuit a failure to follow the directive of Rule 4 is not fatal to a plaintiff's case." Allied Semi-Conductors Int'l, Ltd. V. Pulsar Components Int'l, Inc., 907 F.Supp. 618, 622 (E.D.N.Y. 1995). The *Allied* case did in fact deal with a situation where the defendant promptly objected to personal service of a summons and complaint; however, Judge Jordan held this objection waived because the defendant participated "...in pretrial proceedings without raising the [service] defect." Id at. pg. 623. Judge Jordan's decision is consistent with the Second Circuit's decision in Datskow v. Teledyne, Inc. where the Court held that the defendant waived his defense to service of process "...by participating in the litigation without questioning the personal jurisdiction..." 899 F.2d 1298, 1303 (2d Cir. 1990). The complaint in this action was amended, by stipulation of the parties, on or about March 16, 2006. At no time during the past 5 ½ years has the Office of the Corporation Counsel or Mr. Greenberg said one word with respect to the *issue* of service of process of the Amended Complaint on Detective Robinson. During that time they have defended this action vigorously on both Detective Robinson's behalf and on behalf of the City of New York. Mr. Greenberg's decision to wait until the eve of trial to raise the issue of service of the Amended Complaint on Detective Robinson is specious and should be deemed waived.

C.  Good cause exists for any perceived delay in serving Detective Robinson with the Amended Complaint

*Assuming arguendo* that Plaintiff did not serve Detective Robinson with a copy of the amended Complaint, good cause exists for Plaintiff's failure to do so.

As detailed above, it was Plaintiff's understanding that the stipulated Amended Complaint was served upon delivery to Mr. Scheiner. There was no reason to believe that service had not been effectuated because Mr. Scheiner never objected to service of the Amended Complaint; never refused to accept service of the Amended Complaint and, following his receipt

# THE COCHRAN FIRM

of the amended Complaint, began representing Detective Robinson. Given the facts and circumstances of this case Plaintiff had no reason to know that Defendant Robinson was not being represented by Mr. Scheiner or that Defendant Robinson contested service of the Amended Complaint.

In determining whether "good cause" exists in this case, the Court must determine if: (i) Plaintiff, given the facts of this case, acted reasonably in serving Defendant Robinson via his attorney Mr. Scheiner; and (ii) Defendant Robinson was prejudiced or will be prejudiced by the delay in service. Lab Crafters, Inc. v. Flow Safe, Inc., 233 F.R.D. 282, 284 (E.D.N.Y. 2005). Mr. Greenberg has offered little, if any, evidence that Detective Robinson, who has participated in this action from the beginning, will be prejudiced by being named a defendant in the Amended Complaint.

Notwithstanding the "good cause" showing required under F.R.C.P. 4(m), this Court may exercise its own discretion and extend the time for Plaintiff to "serve" Defendant Robinson with the Amended Complaint. The factors to be considered in this instance would be: (1) whether statutes of limitations would bar the refiling of the action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by extending the time for service. Hertzner v. U.S. Postal Serv., No. 05-cv-2371, 2007 WL 869585, at *6-7 (E.D.N.Y. Mar. 20, 2007). Under this analysis we believe this Court should allow Plaintiff to serve/re-serve Defendant Robinson with a copy of the Amended Complaint.

For the foregoing reasons, Plaintiff's respectfully request that this Court find that service on Defendant Robinson was effectuated on or about March 16, 2006 when Mr. Sells served Mr. Scheiner with the parties' stipulated Amended Complaint or, in the alternative, find that good cause exists for Plaintiff's failure to serve Defendant Robinson in accordance with F.R.C.P. 4(m) and allow Plaintiff to serve Defendant Robinson with a copy of the Amended Complaint.

Respectfully submitted,

Paul A. Chin
Derek S. Sells

Cc:   Ira G. Greenberg, Esq. (via fax)

# EXHIBIT A

# THE COCHRAN FIRM
## New York, New York

-1-

| | | |
|---|---|---|
| 7 PEACHTREE STREET, NE<br>SUITE 800<br>ATLANTA, GEORGIA 30303 | THE WOOLWORTH BUILDING<br>233 BROADWAY, 5TH FLOOR<br>NEW YORK, NEW YORK 10279<br>TEL. NO.: (212) 553-9215<br>FAX NO.: (212) 227-8763 | ONE COMMERCE SQUARE<br>26TH FLOOR<br>MEMPHIS, TENNESSEE 38103 |
| 1 NORTH LASALLE<br>SUITE 2450<br>CHICAGO, ILLINOIS 60602 | | 99 HUDSON STREET<br>8TH FLOOR<br>NEW YORK, NEW YORK 10013 |
| 163 WEST MAIN STREET<br>DOTHAN, ALABAMA 36301 | | 306 N. MAIN STREET<br>TUSKEGEE, ALABAMA 36083 |
| 4929 WILSHIRE BOULEVARD<br>SUITE 1010<br>LOS ANGELES, CALIFORNIA 90010 | Writer's Direct Dial 212-553-9120<br><br>March 16, 2006 | 700 13TH STREET, NW<br>SUITE 1150<br>WASHINGTON, D.C. 20005 |

By Hand

Magistrate Kiyo Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York

        Re: Lopez v. The City of New York, et al
         Docket No.: CV-05-3624

Dear Magistrate Matsumoto:

  Pursuant to your Order, enclosed is a copy of the First Amended Complaint that we wish to file in this action. I have shown the Complaint to the City and Alan Schneiner, Esq. has no objection to our filing. A stipulation to that effect will be prepared and submitted by Tuesday of next week.

  If you have any questions please do not hesitate to contact the undersigned.

            Respectfully submitted,

            Derek S. Sells

DSS/pvl/enc.
cc: Alan Schneiner, Esq.

# EXHIBIT B



MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

ALAN H. SCHEINER
Senior Counsel
Room 3-192
Phone: (212) 788-0988
Fax: (212) 788-9776
ascheine@law.nyc.gov

May 12, 2006

By ECF and Hand Delivery

The Hon. Kiyo A. Matsumoto
U.S. Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
Fax: 718 797-7386

Re:   Carolyn Lopez v. City of New York, 05-cv-3624(ARR)(KAM)

Dear Judge Matsumoto:

I am the Assistant Corporation Counsel in the office of Michael A. Cardozo, the Corporation Counsel of the City of New York, assigned to the defense of the above-captioned matter. Pursuant to the Court's prior order of February 23, 2006 (and subsequent orders amending the schedule), the City submits for *in camera* review the enclosed disciplinary records of the two NYPD detectives involved in the shooting incident giving rise to this litigation, and for the reasons set forth herein. Pursuant to Rule 26(b)&(c) of the Federal Rules of Civil Procedure, defendants object to any production of these files to the plaintiffs in this case, for the reasons stated below.

The files submitted, pursuant to the instructions of the Court at the conference of February 23, 2006, are the IAB, CCRB and Central Personnel Index histories of Detectives Robinson and Pembleton. It is undisputed that Det. Robinson is the police officer who fired his weapon on May 1, 2003. Det. Pembleton was his partner at the time and was present during the incident, but, as is also undisputed, he did not fire.

With respect to each detective, we submit an "IAB Resume" (which lists any IAB log entry in which the detective was a mentioned), a CCRB History Report, and a Central Personnel Index, which would list any Charges and Specifications brought against the officer and other

significant disciplinary and personnel matters. The documents are bates numbered NYC-DISC 0001-3 (Robinson) and NYC-DISC 0004-7 (Pembleton).

A detailed discussion of the matters reflected in those documents is included in an *ex parte* attachment to this letter. However, we note here that neither officers' histories contain any substantiated force allegation, nor any substantiated allegation going to untruthfulness or any other relevant matter. There are no allegations or substantiated charges that would lend support to plaintiff's baseless assertions that these officers might have been involved in illegal drug activity. In any case, plaintiff should be required to proffer evidence of such an assertion before being permitted to obtain discovery on that basis.

As discussed at the prior conference with the Court, we do not submit the underlying files on these matters because none of them are in our view facially relevant or discoverable, and their retrieval and production is extremely burdensome, especially with respect to IAB files or files more than a few years old. Should the Court believe that an *in camera* review of any of the underlying files is required, the City would of course retrieve and submit those files as soon as possible upon receiving that direction.

I.     The Files are Not Relevant or Likely to Lead to the Discovery of Admissible Evidence.

Discovery is presumptively limited to matters that are "relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1); and see, Degulis v. LXR Biotechnology, Inc., 176 F.R.D. 123, 125 (S.D.N.Y. 1997) ("while the discovery rules are broad, they do not permit discovery of matters that are not relevant"). In addition, discovery about a collateral matter cannot be based on a mere hunch or speculation that the discovery *might* be relevant or lead to the discovery of admissible evidence. See Surles v. Air France 2001 U.S. Dist. LEXIS 15315, *5 (S.D.N.Y. Sept. 27, 2001) (discovery "does not become relevant merely because [a party] speculates that it might reveal useful material."); Fonseca v. Regan, 734 F.2d 944, 949-50 (2d Cir. 1984) (discovery unjustified where sought to support groundless claim); Spina v. Our Lady of Mercy Medical Center, 976 CV. 4661 (RCC), 2001 U.S. Dist. LEXIS 7338, * 7 (S.D.N.Y. June 7, 2001) ("specific facts" required to justify discovery); Tottenham v. Trans World Gaming, Corp., 00 Civ. 7697 (WK), 2002 U.S. Dist. LEXIS 11313, * 4-5 (S.D.N.Y. June 21, 2002) ("objective support" not "pure speculation and conjecture" required to justify discovery regarding other wrongdoing).

To be relevant, the evidence must have some tendency to prove the existence of a material fact. Richardson on Evidence, §4-101, p.136 (11th Ed., Farrell). As a result, the discovery sought must not only be material to the claims or defenses of the parties, but it must also be reasonably calculated to lead to the discovery of admissible evidence. See Curro v. Watson, 884 F. Supp. 708, 714 (E.D.N.Y. 1995) ("information is relevant so long as it is reasonably calculated to lead to the discovery of admissible evidence").

The files at issue here do not contain information that is relevant to the plaintiffs' claims, and the information sought will not lead to the discovery of admissible evidence. First, the allegations against the officers in the files at issue bear no resemblance to the allegations against the officers in the present case. There are no allegations noted in the histories that either officer

fired his weapon, or that either officer was accused of cover-up or untruthfulness. Nor are there any allegations of drug related crime, a subject which plaintiff has claimed might be relevant.

Second, the information in the files would not be admissible at trial. Fed. R. Evid. 404(b) only permits the use of evidence at trial of past acts for "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Here, because Section 1983 actions are based on an objective analysis of the specific circumstances wherein plaintiff alleges his/her civil rights were violated, an officer's past acts (particularly those that are mere allegations) in extremely different circumstances cannot be considered by the jury. See Berkovich v. Hicks, 922 F.2d 1018, 1022 (2d Cir. 1991) (upholding the exclusion at trial of all references to the defendant police officers' history of prior civilian complaints pursuant to 404(b) and 403 of the Federal Rules of Evidence). Lastly, disciplinary records will also be inadmissible at trial under Rule 403 of the Federal Rules of Evidence because even relevant evidence "may be excluded if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Therefore, the files are not relevant to any claim against the individual officers and the information sought will not lead to evidence that is admissible against them.

Furthermore, the files are not relevant to plaintiffs' claims against the City. First, the allegations against the officers in the files at issue are not prior shooting incidents. Moreover, in a §1983 action against a municipality, prior complaints are generally deemed sufficiently relevant for discovery only if they are substantiated. See e.g., Sealy v. Fishkin, 1998 U.S. Dist. LEXIS 20142, *9-10 (E.D.N.Y. 1998) (Raggi, D.J.) (holding that unsubstantiated files fail as a matter of law to prove "deliberate indifference by the city to the need for any further training of this officer in particular or police officers in general"); Marcel v. City of New York, 1990 U.S. Dist. LEXIS 4094, *23-24 (S.D.N.Y. 1990) ("unsubstantiated CCRB reports do not demonstrate a breach of a municipality's duty to train or supervise its police"). One reason for this is that if there is no finding that the alleged misconduct occurred, the conduct alleged cannot even be proven to have occurred without a mini-trial on a collateral matter, which is strongly disfavored. See Martin v. Reno, 96 Civ. 7646 (NRB), 2000 U.S. Dist. LEXIS 18278, 8-9 (S.D.N.Y. December 19, 2000) ("mini-trials" on prior incidents will only burden proceedings with undue delay and irrelevant information).

Plaintiff may argue that investigatory files are relevant to credibility. However, plaintiff's mere speculation that disciplinary files might contain some evidence with respect to credibility is insufficient to warrant discovery. See Wharton v. Lybrandm, Ross Bros. & Montgomery, 41 F.R.D. 177, 179 (E.D.N.Y. 1966) (discovery should not be had merely because of speculation that documents might be useful in impeachment). Moreover, Fed. R. Evid. 608 prohibits the proof of other conduct relating to credibility by extrinsic evidence; which is precisely the type of evidence plaintiffs now seek. Fed. R. Evid. 608(b); see also Lewis v. Velez, 149 F.R.D. 474, 481 (S.D.N.Y. 1993) (prisoner's disciplinary history not admissible solely for impeachment).

In addition, any allegation more than ten years old is too remote and tenuous to be admissible at trial, and therefore, should not be discoverable by plaintiff. See, e.g., F.R.E. 609(a)(b) (convictions more than 10 years old not admissible); United States v. Paredes, 2001 U.S. Dist. LEXIS 18862, *3-*4 (S.D.N.Y. 2001) (psychiatric condition from 10 years ago

irrelevant and inadmissible); see also Local Rule 33.2, Instr. 4 & Doc. Reqs. 8-11 (not requiring in camera submission of any matter occurring more than ten years prior to the filing of the complaint).

II.     The Discovery Sought is Highly Burdensome

Even if the discovery sought were marginally relevant, that relevance is outweighed by the burden on the City and the individual officers. Fed. R. Civ. P. (b)(2)(iii).

First, the discovery would invade the State law statutory privacy rights of members of the public and police officers, in a manner that cannot be cured by redaction. See New York State Police v. Charles Q., 192 A.D.2d 142, 145, 600 N.Y.S.2d 513, 515 (3d Dept. 1993) (investigation records should be kept sealed absent "compelling demonstration" that the records were "essential" to the case); People v. Diaz, 223 A.D.2d 469, 469 (1st Dep't 1996) (discovery denied under 50-a where investigation of officers dismissed for lack of evidence).

Second, production of the documents invades the law enforcement and official information privileges. "The purpose of the law enforcement privilege is to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." National Congress for Puerto Rican Rights v. The City of New York, et al. 194 F.R.D. 88, 93 (S.D.N.Y. 2000) (citations and quotations omitted). The privilege is designed to facilitate investigations and to protect individuals whose reputation may be damaged by disclosure of investigative leads or statements from witnesses. Id. Furthermore, there is a concern as to the chilling effect the release of this information may have on future investigations. Id. at 95. If the statements of witnesses are then disclosed in other civil litigation, witnesses will be deterred from coming forward with complaints. The official information privilege, originally designed to protect police personnel files and investigative reports from fishing expeditions, also applies to the disciplinary records and must be addressed in any civil rights action. Id.

In this case, production of IAB files is especially burdensome and invasive for the City and for individual police officers. The files contain substantial information that is completely unrelated to any of the defendants in this case, including sensitive and personal information about police officers who have no connection to this case and the names of witnesses and confidential informants. Thus, discovery of IAB files has the potential to cause substantial harm by the disclosure of confidential law enforcement information.

Conclusion

For these reasons, defendants respectfully oppose production of these files to the plaintiffs. In the event that the Court orders defendants to disclose all or some of the disciplinary records at issue herein, defendants respectfully request that such all materials be subject to the Confidentiality Stipulation and Order entered by the Court on March 7, 2006.

Thank you for your consideration of this matter.

4

Respectfully submitted,

/s

Alan H. Scheiner (AS-7991)
Assistant Corporation Counsel

Encl.

cc (by ECF and fax, without encl.):

Derek S. Sells, Esq.
Gerard A. Lucciola, Esq.
The Cochran Firm
233 Broadway – 5th Floor
New York, New York 10279

# EXHIBIT C

ORIGINAL

1

```
 1
 2  UNITED STATES DISTRICT COURT
    EASTERN DISTRICT OF NEW YORK
 3  ------------------------------------------------X
    CAROLYN LOPEZ, individually and as
 4  administratrix of the estate of CARLOS LOPEZ,
    deceased,
 5
                                    PLAINTIFF,
 6
              -against-                Docket No.:
 7                                     CV-05 3624

 8  THE CITY OF NEW YORK DETECTIVE ALFRED ROBINSON,
    SHIELD #6203 and "JOHN DOES", whose identities
 9  and numbers are presently known but who
    represent police officers and non-uniformed
10  police employees of defendant THE CITY OF NEW
    YORK, both in their individual and official
11  capacities,
                                    DEFENDANTS.
12  ------------------------------------------------X

13                     DATE: January 23, 2008

14                     TIME: 2:00 p.m.

15

16

17       EXAMINATION BEFORE TRIAL of the

18  Defendant, THE CITY OF NEW YORK, by a witness,

19  LIEUTENANT DENNIS BRIORDY, taken by the

20  Plaintiff, pursuant to an Order, held at the

21  offices of CORPORATION COUNSEL, 100 Church

22  Street, New York, New York 10007, before a

23  Notary Public of the State of New York.

24

25
```

1

```
 1
 2   UNITED STATES DISTRICT COURT
     EASTERN DISTRICT OF NEW YORK
 3   ------------------------------------------X
     CAROLYN LOPEZ, individually and as
 4   administratrix of the estate of CARLOS LOPEZ,
     deceased,
 5
                                    PLAINTIFF,
 6
               -against-              Docket No.:
 7                                    CV-05 3624

 8   THE CITY OF NEW YORK DETECTIVE ALFRED ROBINSON,
     Shield #6203 and "JOHN DOES", whose identities
 9   and numbers are presently known but who
     represent police officers and non-uniformed
10   police employees of defendant, CITY OF NEW
     YORK, both in their individual and official
11   capacities,
                                    DEFENDANTS.
12   ------------------------------------------X

13                        DATE: January 24, 2008

14                        TIME: 11:20 a.m.

15

16

17        EXAMINATION BEFORE TRIAL of the

18   Defendant, THE CITY OF NEW YORK, by a Witness,

19   LUIS FONTANEZ, taken by the Plaintiff, pursuant

20   to an Order, held at the offices of MICHAEL A.

21   CARDOZO, ESQ., CORPORATION COUNSEL, 100 Church

22   Street, NEW YORK, NEW YORK 10007, before a

23   Notary Public of the State of New York.

24

25
```

DIAMOND REPORTING    (718) 624-7200    info@diamondreporting.com

# ORIGINAL

1

```
 1
 2    UNITED STATES DISTRICT COURT
 3    EASTERN DISTRICT OF NEW YORK
      ---------------------------------------X
 4    CAROLYN LOPEZ, individually and as
      administratrix of the estate of
 5    CARLOS LOPEZ, deceased,
 6                                    PLAINTIFF,
 7            -against-            Index No:
                                   CV-05 3624
 8
      THE CITY OF NEW YORK, Detective ALFRED
 9    ROBINSON, Shield #6203 and "JOHN DOES,"
      whose identities and numbers are presently
10    unknown but who represent police officers
      and non-uniformed police employees of
11    defendant CITY OF NEW YORK, both in
      their individual and official capacities,
12
                                      DEFENDANTS.
13    ---------------------------------------X
14            DATE:    JANUARY 22, 2008
15            TIME:    1:20 P.M.
16            EXAMINATION BEFORE TRIAL of
17    the Defendant, THE CITY OF NEW YORK, by
18    a witness, DETECTIVE MARK BASOA, taken by
19    the Plaintiffs, pursuant to a Court Order
20    and the Federal Rules of Civil Procedure,
21    held at the offices of New York City Law
22    Department, Corporation Counsel, 100 Church
23    Street, New York, New York 10007, before
24    LORI PICKMAN, a Notary Public of the State
25    of New York.
```