

EDWARDS WILDMAN PALMER LLP
750 LEXINGTON AVENUE
NEW YORK, NY 10022
+1 212 308 4411 main  +1 212 308 4844 fax
edwardswildman.com

Zachary W. Silverman
+1 212 912 2759
fax +1 888 325 9379
zsilverman@edwardswildman.com

November 9, 2011

Honorable Robert M. Levy
United States Magistrate Judge
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Lopez v. Robinson

Dear Judge Levy:

Examples of cases holding that, in a negligence action, it is improper to admit evidence of an organizational defendant's manual or established procedures in order to show breach of duty, where such manual or procedures create a higher standard of care than found at common law, include Rahimi v. Manhattan & Bronx Surface Transit Operating Auth., 43 A.D.3d 802, 843 N.Y.S.2d 557 (1st Dep't 2007); Caputo v. New York City Transit Auth., 86 A.D.2d 883, 447 N.Y.S.2d 535 (2d Dep't 1982), and Harper v. United States, 949 F. Supp. 130 (E.D.N.Y. 1996), and the cases cited in them.

The only case of which we are aware that Ms. Lopez has called to the Court's attention that might be read to the contrary is Lubecki v. City of New York, 304 A.D.2d 224, 758 N.Y.S.2d 610 (1st Dep't 2003). It does not address or distinguish cases in the line cited above. The Court's rationale there appears to have rested on the fact "that these departmental manuals do not impose a higher duty of care than that appropriate for common-law negligence." Id. at 234, 758 N.Y.S.2d at 617. The guidelines involved there were those relating to "procedures to be employed when a hostage is taken or a suspect is barricaded." Id. at 230, 758 N.Y.S.2d at 615. There has been no showing that the Patrol Guidelines' standards governing shooting a suspect is the same as that



which applies at common law; and if it were, the Court would retain the discretion to sustain an objection as the evidence would be unnecessary. Despite diligent search, we have not found any cases addressing the congruence or incongruence between New York City police practice and common law negligence in the context of the use of deadly force.

Respectfully,

Zachary W. Silverman


Cc: Paul Chin, Esq. (by email)
Gerard Lucciola, Esq. (by fax)

NYC 406902.1