UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                             :        05-CV-3624-RML

CAROLYN LOPEZ,
          Plaintiff,

          v.                                      NOTICE OF MOTION

THE CITY OF NEW YORK, DETECTIVE
ALFRED ROBINSON, et al.,

          Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

       **PLEASE TAKE NOTICE,** that upon the annexed Affidavit of Carolyn Lopez, dated November 29, 2022, together with the exhibits annexed thereto, the supporting memorandum of law, and upon all the pleadings and proceedings heretofore had herein, Plaintiff will move this Court pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure for relief from the Judgment entered in this action; for an order directing re-opening of discovery and a new trial; and for such other and further relief as this Court may deem just and proper.

Dated:  New York, New York
         November 30, 2022

                                                    *s/Nathaniel B. Smith*
                                                    Nathaniel B. Smith
                                                    225 Broadway – Suite 1901
                                                    New York, NY 10007
                                                    212-227-7062
                                                    natbsmith@gmail.com

TO:
NYC Law Department
100 Church Street
New York, New York 10007
ServiceECF@law.nyc.gov

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                               :    05-CV-3624-RML
                                                               :
CAROLYN LOPEZ,                                                 :    AFFIDAVIT OF CAROLYN LOPEZ
                              Plaintiff,                       :
                                                               :
                                                               :
              v.                                               :
                                                               :
                                                               :
THE CITY OF NEW YORK, DETECTIVE                                :
ALFRED ROBINSON, Shield # 6203, et al.,                        :
                                                               :
                              Defendants.                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

STATE OF NEW YORK        )
                         )
COUNTY OF NEW YORK       ) ss.:

  Carolyn Lopez, being duly sworn, hereby states and affirms under the penalties of perjury that the following is true and correct:

  1. I am the plaintiff in this action and am submitting this affidavit in support of my motion to vacate the Judgment in this action and to re-open discovery in this action based on evidence showing that a new trial in required.

  2. I commenced this action against the Defendants (the City of New York and Detective Alfred Robinson) in 2005 after members of the NYPD were involved in the shooting and killing of my son, Carlos Lopez, on May 1, 2003 while Carlos was an innocent bystander on the corner of Gates Avenue and Marcus Garvey Boulevard in Brooklyn, New York.

  3. It was undisputed that a person wearing a black hooded sweatshirt shot James Hodge that day, and one of the central questions presented by the action was whether Carlos, a

2

young black man wearing black clothing that day, was the person who shot James Hodges or whether Carlos was an innocent bystander who was mistaken for the shooter and was wrongfully shot and killed by Defendant Detective Robinson.

4.  Since the trial, I have recently obtained the clothing that the NYPD claimed Carlos was wearing that day, including a large black hooded sweatshirt. The clothing shows that Carlos was not wearing the black hooded sweatshirt when he was shot and that the hooded sweatshirt was put on Carlos only after he was shot in an effort to cover up the fact that Defendant Robinson shot an innocent bystander, not the shooter. Unlike the t-shirt and long-sleeved shirt Carlos was wearing that day, which do have holes in them consistent with the bullet that killed Carlos, the black hooded sweatshirt does not have any bullet holes in it. Since the black hooded sweatshirt does not have bullet holes in it consistent with the holes in Carlos's clothing or the entry and exit wounds to his body, I am respectfully requesting that the Court grant this motion so that I can have a new trial and to reopen discovery and obtain additional relevant information.

*Background Facts*

5.  As the Court may recall from the November 2011 trial, security footage showed that on May 1st at about 1:30 PM a figure dressed in black pants and a black hooded sweatshirt shot to death James Hodge, a male black, while Hodges was standing in the vestibule of 685 Gates Avenue, an apartment building near the North West corner of Gates Avenue and Marcus Garvey Boulevard (hereinafter referred to as the "Intersection"). A drawing prepared by the NYPD of the crime scene is attached as *Exhibit 1*.

6.  After shooting Hodges, the security footage shows that the shooter ran or walked

3

very quickly across Gates Avenue toward the South West corner of the Intersection. The security footage and the testimony at trial by Defendant Robinson and his partner, Detective John Pembelton, also show that at the very moment that the shooter ran (or walked quickly) across Gates Avenue, Defendant Robinson was driving an unmarked van in a westerly direction on Gates Avenue through the Intersection and that the shooter crossed directly in front of Robinson, the driver, and his partner, Pembelton, who was sitting in the front passenger seat of the unmarked van.

7. According to Defendant Robinson's trial testimony, as the shooter crossed in front of him, Defendant Robinson shouted "police, don't move" and the shooter turned toward Defendant Robinson, raised his right hand, which was holding a handgun, and pointed the gun at Defendant Robinson and his partner. (Trial Transcript ("Tr.") at 223:11-226:8.) (Attached hereto as *Exhibit 2* are relevant excerpts of the trial transcript.) Robinson also testified that he then fired two quick shots from his handgun, and the shooter ran off in a southern direction down Marcus Garvey Boulevard until collapsing moments later and succumbing to injuries caused by one of the two shots discharged by Defendant Robinson. (*Id.* at 226:9-227:5.)

8. An NYPD crime scene drawing shows the location of Carlos's body as a stick figure marked "deceased." (*See* Exhibit 1.) In addition, a photograph of Carlos's body where he allegedly collapsed is attached as *Exhibit 3*. In the photograph wrapped around his shoulders and upper torso is the black hooded sweatshirt that Carlos was allegedly wearing at the time he allegedly shot Hodges and was in turn shot by Defendant Robinson.

9. At the time of the November 2011 trial of this action, the Defendants did not produce the clothing that Carlos was allegedly wearing at the time. Although the clothing was

4

listed as Defense Trial Exhibit C, as reflected by the attached Joint Pre-Trial Order (*Exhibit 4*) and the attached list of trial exhibits (*Exhibit 5*), the Defendants did not bring the clothing to trial or offered into evidence. At the time of the November 2011 trial, the attorneys for the Defendants stated that the clothing and a gun found at the scene, both of which were being retained as evidence by the NYPD, could not be located.

10. On November 17, 2011, the jury issued a defense verdict in this action, and in accordance with that verdict, the Court entered on November 17, 2022 Judgment dismissing this action. (*See* ECF Doc. # 153.)

11. After the trial, I repeatedly attempted to obtain Carlos's clothing from the NYPD. For years, however, I was repeatedly told that the clothing could not be located or that it had been destroyed due to flooding after Hurricane Sandy in 2012. I nevertheless persisted in seeking to obtain the clothing, and in September of 2021, I was finally able to obtain the clothing from a storage unit of the NYPD, including the black hooded sweatshirt shown in Exhibit 3. As noted above, the sweatshirt does not have any bullet holes in it.[1]

12. Due to the passage of time it was impossible to obtain my file from my prior counsel, and in April of 2022 my new counsel, Nathaniel B. Smith, served a FOIL request for all court and discovery records. A copy of that request is attached as *Exhibit 6*.

13. On September 21, 2202, the City of New York provided its response to the FOIL request. (*See Exhibit 7*.) Although the materials provided consisted of many pages of materials, the entire non-privileged defense and discovery file was not produced and there is no information about what happened to Carlos's clothing at the time of trial or thereafter. In addition, there is no

---

[1] Of course, we are prepared to produce the sweatshirt at any hearing that the Court might order

information in the FOIL response explaining why the black hooded sweatshirt does not contain entry and exit holes consistent with the holes in the other clothing or the wounds to Carlos's body.

14. The fact that the back hooded sweatshirt does not contain holes consistent with the other evidence or the Defendant's version of the facts raises serious questions about the integrity of the trial conducted in November 2011. In short, there are serious questions in this case that strongly suggest that the jury verdict was a miscarriage of justice and that Defendant Robinson shot an innocent bystander, not the true shooter who has never been apprehended.

15. There are four essential reasons why this motion should be granted.

16. First, according to Defendant Robinson, Carlos turned and faced him and pointed a handgun at Robinson and his partner when Robinson shouted "police, don't move." At that moment, according to Robinson, he fired off two quick shots as the shooter. Yet the uncontroverted evidence from the medical examiner's autopsy shows that the bullet that killed Carlos entered his body on the left side of his chest, passed through several key chest organs, veins, and arteries, exited on the right side of Carlos's chest, entered the interior of his right arm and exited on the exterior side of his right arm. (*See* Medical Examiner's Report; *Exhibit 8* at p. 2; *see also* Tr. 430:24-433:2 & 442:21-444:17 (testimony by plaintiff's expert on the nature and location of the wounds that killed Carlos). Thus, the testimony by Defendant Robinson is flatly inconsistent with the medical evidence, which conclusively demonstrates that when Robinson shot Carlos, Carlos was not facing Robinson and was turned to his side.

17. Second, the testimony by Robinson and his partner was that they both saw the

---

and to make the sweatshirt available for inspection by defense counsel.

shooter shoot the victim with multiple discharges from the handgun held by the shooter in his right hand. (Tr. 169:9-172:12 (Robinson) & Tr. 549:12-550:11 (Pembelton.) Yet the undisputed evidence shows that there was no gunpowder residue found on either of Carlos's hands. (Exhibit 8 at p. 2 (Medical Examiner's Autopsy Report, noting that Carlos's hands were bagged and free of trace evidence); *see also* Tr. 286:24-289:17 & 324:10-21(testimony about gunpowder residue testing.) Since the evidence at trial showed that Hodges was shot and hit multiple times and since the evidence shows that Carlos's hands were checked for gunpowder residue, the fact that Carlos did not have any traces of gunpowder residue on his hands is powerful evidence that he was not the shooter.

18. Third, the crime scene report shows that one bullet from Robinson's gun was found inside a store on the South West corner of the Intersection but that the other bullet discharged by Robinson was found on the South East corner of the Intersection. (*See* Exhibit 1.) (crime scene drawing identifying the location of M-2 and M-3, the two bullets from Robinson's gun); *see also Exhibit 9* at pp. 6 & 9-10 (ballistic report) & Tr. 335:21-338:4 (expert testimony on the two bullets). The fact that one of the bullets discharged by Robinson was found on the opposite side of the Intersection belies the claim by Robinson that he shot the shooter on the South West corner.

19. Finally, as noted above, the black hooded sweatshirt does not have any holes in it that are consistent with the claim by Robinson that Carlos was the person he shot as Carlos ran (or walked quickly) in front of Robinson wearing the black hooded sweatshirt. The fact that the sweatshirt does not have any of the four entry and exit holes in it to match up to the holes in the shirt and t-shirt he was wearing and to the wounds to Carlos's body demonstrates that Carlos was

7

law, I am respectfully requesting that the Court vacate the Judgment in this action and that the Court also permit me to re-open discovery for the purpose of obtaining further information and to uncover the truth about Carlos's death.

Dated: November 29, 2022

                                               Carolyn Lopez

Sworn to me this 29th
day of November, 2022

_____
Notary Public

Nathaniel B. Smith, Esq.
Notary Public State of New York
No. 02SM6182240
Qualified in Kings County
Commission Expires 02/19/2012

7/26/24

8