UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
CAROLYN LOPEZ, individually and as
administratrix of the estate of CARLOS
LOPEZ, deceased,

                            MEMORANDUM
                            AND ORDER
            Plaintiff,                    05 CV 3624 (RML)

    -against-

THE CITY OF NEW YORK, *et al.*,

            Defendants.
-------------------------------------------------------X

LEVY, United States Magistrate Judge:

        This case is before me on consent of the parties pursuant to 28 U.S.C. § 636(c). (See Stipulation of Consent to Proceed Before United States Magistrate Judge, so ordered Apr. 7, 2011, Dkt. No. 110.) I presided over a jury trial in November 2011, which resulted in a verdict for defendants. Plaintiff Carolyn Lopez ("plaintiff") now moves to vacate the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. For the reasons stated below, the motion is denied.

## PROCEDURAL BACKGROUND

        The underlying facts of this case are tragic. On May 1, 2003, plaintiff's son, Carlos Lopez, was fatally shot by defendant N.Y.P.D. Detective Alfred Robinson near the corner of Gates Avenue and Marcus Garvey Boulevard in Brooklyn, New York. Plaintiff filed this case on August 2, 2005, asserting claims under 42 U.S.C. §§ 1983, 1985, 1986, and 1988, the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and New York State law. (See Complaint, dated Aug. 1, 2005, Dkt. No. 1.) Plaintiff alleged that Detective Robinson shot Carlos Lopez after misidentifying him as the assailant who had shot and killed a man named James Hodge in the vestibule of 685 Gates Avenue in Brooklyn, and that police

officers wrongfully refused to allow emergency medical treatment to be administered.  (See id. ¶¶ 2, 22, 24, 26.)  According to plaintiff, her son was merely an unarmed, innocent bystander near the scene of Hodge's homicide, and Detective Robinson used unreasonable deadly force against him.  (Id. ¶¶ 18, 23.)

The jury trial commenced on November 7, 2011 and ended on November 17, 2011 with a unanimous verdict finding that plaintiff had not established by a preponderance of the evidence that Detective Robinson used unreasonable deadly force against Carlos Lopez or was negligent.  (See Minute Entry, dated Nov. 17, 2011, Dkt. No. 152; Verdict Form, Dkt. No. 156.)  Judgment was entered on the same date.  (See Judgment in a Civil Action, dated Nov. 17, 2011, Dkt. No. 153.)  Plaintiff filed an appeal *pro se*, which was dismissed for failure to file a corrected brief and appendix by October 26, 2012.  (See Mandate of United States Court of Appeals for the Second Circuit, dated Dec. 17, 2012, Dkt. No. 161.)

Plaintiff now moves to vacate the judgment and reopen discovery, arguing that newly-obtained evidence compels a retrial.  (See Motion to Vacate Judgment, dated Nov. 30, 2022, Dkt. No. 165; Memorandum of Law in Support of Motion to Vacate Judgment, dated Nov. 30, 2022 ("Pl.'s Mem."), Dkt. No. 166.)  Specifically, plaintiff contends that in September 2021, she received a black hooded sweatshirt from the New York City Police Department storage unit, which Carlos Lopez was allegedly wearing when he was shot on May 1, 2003, and which does not contain any bullet holes.  (Pl.'s Mem. at 6; Affidavit of Carolyn Lopez, sworn to Nov. 29, 2022 ("Lopez Aff."), Dkt No. 165, ¶¶ 4, 11.)  According to plaintiff, there is only one conclusion to be drawn from this evidence: that the black sweatshirt was placed on Carlos Lopez's body after the shooting, but before his body was photographed, in an effort to conceal his wrongful death by clothing him in a sweatshirt similar to the one observed on the real assailant, or

2

discarded by the assailant as he fled. (Lopez Aff. ¶¶ 14, 19; see also Plaintiff's Reply Memorandum of Law in Further Support of Motion to Vacate Judgment, dated Dec. 28, 2022 ("Pl.'s Reply Mem."), Dkt. No. 171 ("The absence of any bullet holes in the sweatshirt conclusively demonstrates that Defendant Robinson did not shoot at Carlos Lopez as the person who, wearing the black sweatshirt, turned and pointed his weapon at Defendant Robinson.").) Plaintiff also seeks to relitigate some of the factual issues that were presented to the jury during the trial, arguing, *inter alia*, that testimony presented by defendants was inconsistent with evidence showing that Carlos Lopez was shot while turned to his side and that no gunpowder residue was found on either of Carlos Lopez's hands. (See Pl.'s Mem. at 6-7.) Defendants oppose the motion. (See Defendants' Memorandum in Opposition to Plaintiff's Motion to Vacate Judgment, dated Dec. 13, 2022 ("Defs.' Mem."), Dkt. No. 168.)

**DISCUSSION**

Rule 60(b) provides that the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). A motion to vacate judgment is "generally not favored and is properly granted only upon a showing of exceptional circumstances." United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001). The decision whether to grant a party's Rule 60(b) motion is committed to the "sound discretion" of the district court, Stevens v. Miller, 676 F.3d

3

62, 67 (2d Cir. 2012), and "the burden of proof is on the party seeking relief from judgment." Int'l Bhd. of Teamsters, 247 F.3d at 391.

      A.  Timeliness

Rule 60(c) provides that "a motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment." FED. R. CIV. P. 60(c). In other words, all motions under Rule 60(b) must be made within a reasonable time, but the outer limit for relief sought under subsections (1) through (3) is one year following the order or judgment being challenged. This rule promotes the "finality of judgments" and protects against the passage of time that can cause memories to dim, witnesses to become unavailable, and evidence to be lost or destroyed in the ordinary course. United States v. Cirami, 563 F.2d 26, 33 (2d Cir. 1977). In determining the timeliness of a Rule 60(b)(6) motion, the court "look[s] at the particular circumstance of each case and balance[s] the interest in finality with the reasons for delay." Grace v. Bank Leumi Trust Co., 443 F.3d 180, 190 n.8 (2d Cir. 2006) (citation omitted). However, "in no circumstances . . . may a party use a Rule 60(b) motion as a substitute for an appeal it failed to take in a timely fashion." Stevens v. Miller, 676 F. 3d 62, 67 (2d Cir. 2012).

Here, eleven years elapsed between the entry of judgment and plaintiff's motion to vacate the judgment. Defendants argue that plaintiff's motion is untimely under either the strict one-year deadline for motions based on "newly discovered evidence" under Rule 60(b)(2) or under the more liberal "reasonable time" standard. (Defs.' Mem. at 2-3.) Defendants emphasize that Detective Robinson is retired from the New York City Police Department (Declaration of Ira G. Greenberg, Esq., dated Dec. 13, 2022, Dkt. No. 169, ¶ 4), and it is virtually certain that many of the trial witnesses would be unavailable for a new trial or, even if the

witnesses could be located, would have faded memories, if any, of events that took place in 2003.

Plaintiff contends that she could not have brought this motion sooner, because she was first given access to the sweatshirt in September 2021. (Lopez Aff. ¶ 11) ("After the trial, I repeatedly attempted to obtain Carlos's clothing from the NYPD. For years, however, I was repeatedly told that the clothing could not be located or that it had been destroyed due to flooding after Hurricane Sandy in 2012. I nevertheless persisted in seeking to obtain the clothing, and in September of 2021, I was finally able to obtain the clothing.").) However, plaintiff has submitted no documentation to show that she or her attorney ever requested the sweatshirt before 2021, or who informed plaintiff that it was not available.[1] Nor is there any chain of custody to prove that the sweatshirt plaintiff claims to have in her possession is the same one worn by Carlos Lopez on May 1, 2003.

At any rate, plaintiff has cited no case law, and this court's research uncovered none, holding that an eleven-year delay in moving to vacate a judgment is reasonable. See Grace, 443 F.3d at 191 ("[I]in a typical case, five years from the judgment to a Rule 60(b) motion would be considered too long by many courts."). Indeed, much shorter intervals have been found excessive. See, e.g., Rodriguez v. Mitchell, 252 F.3d 191, 201 (2d Cir. 2001) (holding that Rule 60(b) motion filed three and a half years after entry of judgment was not made within a reasonable time); Alston v. Quik Park Garage Corp., 205 F.3d 1321, 2000 WL 232188, at *2 (2d Cir. Feb. 18, 2000) (finding that eighteen months was not a reasonable time); Truskoski v. ESPN, Inc., 60 F.3d 74, 76 (2d Cir. 1995) (holding that motion filed seventeen months after grounds for motion became apparent was not filed within a "reasonable time" under Rule

---

[1] It also bears noting that more than fourteen months passed between September 2021 and November 30, 2022, when plaintiff filed the motion to vacate.

60(b)(6)); McDonald v. Holder, No. 05 CV 55, 2010 WL 1507056, at *1 (N.D.N.Y. Apr. 15, 2010) (dismissing motion that the plaintiff filed two years after appeal and finding that filing of motion thirty-five months after entry of judgment was untimely); Flemming v. Wright, No. 9:06 CV 86, 2010 WL 11523906, at *3 (N.D.N.Y. Aug. 2, 2010) (motion to vacate judgment issued four years earlier deemed untimely). I therefore find that plaintiff's motion is untimely under Rule 60(c). In the interest of completeness, however, I will briefly address the merits of plaintiff's motion to vacate the judgment.

### B. Extraordinary Circumstances

Plaintiff does not invoke Rule 60(b)(2), which applies where there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," but instead seeks relief under Rule 60(b)(6). "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)," United Airlines, Inc. v. Brien, 588 F.3d 158, 175 (2d Cir. 2009) (citation and internal quotation marks omitted), and must show that "'extraordinary circumstances' [exist] to warrant relief." Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc., 301 F.3d 54, 59 (2d Cir. 2002) (citation omitted); see also Buck v. Davis, 580 U.S. 100, 123 (2017) ("relief under Rule 60(b)(6) is available only in extraordinary circumstances.") (citation and internal quotation marks omitted); DeWeerth v. Baldinger, 38 F.3d 1266, 1272 (2d Cir. 1994) (Rule 60(b)(6) is "'properly invoked where there are extraordinary circumstances or where the judgment may work an extreme and undue hardship.'") (quoting Matarese v. LeFevre, 801 F.2d 98, 106 (2d Cir. 1986)).

To support her contention that "[a] due regard for justice and the integrity of the judicial process requires that this gross miscarriage of justice be vacated," (Pl.'s Mem. at 7), plaintiff relies primarily on the sweatshirt, which has no bullet holes and thus purportedly proves

6

"that Carlos Lopez was not wearing the black hooded sweatshirt at the time Robinson shot Carlos Lopez, a fact that also shows that the police put the sweatshirt on Carlos Lopez's body only after he collapsed" (id. at 6). However, no eyewitness testified to having observed the police putting a black sweatshirt on Carlos Lopez's body. In addition, it is not disputed that the sweatshirt was available to plaintiff's counsel, and was in fact examined by plaintiff's forensic expert, prior to trial. (Lopez Aff., Ex. 9, Dkt. 165-9, at 5.) This suggests that plaintiff's very able counsel made a deliberate, informed decision not to introduce the sweatshirt at trial.

Plaintiff also argues that Detective Robinson's testimony was "flatly inconsistent" with the medical evidence demonstrating that Carlos Lopez "was not facing Robinson and was turned to his side" when he was shot by police, and with evidence that "there was no gunpowder residue found on either of Carlos's hands," and that "one of the bullets discharged by Robinson was found on the opposite side of the Intersection." (Lopez Aff. ¶¶ 16-18.) These are all issues that were raised at trial. (See Defs.' Mem. at 4-7.) "The Second Circuit routinely finds that Rule 60(b)(6) motions that simply seek to relitigate all issues presented in an action or argue that the district court's decisions were wrong are not sufficiently 'extraordinary' to warrant relief under Rule 60(b)(6)." Dolan v. Select Portfolio Servicing, Inc., No. 03 CV 3285, 2017 WL 4357336, at *8 (E.D.N.Y. Sept. 29, 2017) (collecting cases).

In sum, plaintiff has not met her burden of demonstrating extraordinary circumstances warranting relief under Rule 60(b)(6). The motion is therefore denied.

SO ORDERED.

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
      May 18, 2023

7